## BLAKEY v. BOONVILLE NAT. BANK et al.

(District Court, D. Indiana.   July 8, 1899.)

### No. 446.

BANKRUPTCY—FRAUDULENT TRANSFERS—PAYMENT OF MONEY.

Under Bankruptcy Act 1898, § 67, cl. e, providing that "all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt  *  *  *  within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, shall be null and void," the payment of money by a debtor, on a valid pre-existing debt, under circumstances which do not make it technically a preference, is not a "transfer of property," in such sense that the trustee or receiver of the debtor in bankruptcy may recover back such payment from the creditor receiving it, on proof of the fraudulent intention of the debtor.

In Equity.

This is a suit in equity by the complainant, as receiver of an estate in bankruptcy, to recover, for the benefit of the estate, certain sums of money paid by the bankrupt to the defendants on promissory notes held by them, respectively, against the bankrupt, which were due and owing when the payments were made. The defendants severally answered, admitting the payment of the money within four months preceding the adjudication of the debtor as a bankrupt, but averring that they did not know or have reason to believe that he was insolvent at the time the payments were made, nor did they have reasonable cause to believe that such payments were made with any intent to give them a preference. The complainant has filed exceptions to these answers on the ground that they do not show that the payments were not made by the bankrupt with the intent on his part to cheat, hinder, or delay his other creditors.

Iglehart & Taylor, for complainant.

Armstrong & Kiper, Edward Gough, Hatfield & Hemenway, Azro Dyer, and Herbert E. Hoggatt, for defendants.

BAKER, District Judge.   The sole question raised by the exceptions to the several answers of the defendants is whether money paid by a debtor to his creditor on a valid pre-existing debt, when the creditor at the time he received such payment had no reasonable cause to believe that it was thereby intended to give a preference, may be recovered for the benefit of the bankrupt's estate on the ground that within four months after such payment the debtor was adjudged a bankrupt, and in making such payment the debtor intended to cheat, hinder, and delay his other creditors; or, in other words, whether money paid upon a debt under the circumstances above stated may be recovered by the trustee of the bankrupt, under clause e of section 67 of the bankruptcy act.

The present bankruptcy act contains no express provision prohibiting the payment of money upon a debt under any circumstances. The law of 1867 (Rev. St. § 5128) provides that if any person, being insolvent, makes any payment, the person receiving such payment having reasonable cause to believe such person insolvent, the money so paid may be recovered for the benefit of the bankrupt's estate.   Another section of that act (Id. § 5021) provides that any debtor who is insolvent, or in contemplation of insolvency, who shall make any payment with intent to give a preference, shall be deemed to have

committed an act of bankruptcy, and the assignee may, in a proper case, recover back the money so paid. If money paid upon a pre-existing debt is recoverable under the present bankruptcy act, the right to recover arises from implication, and the recovery must be had either under section 60, cl. b, or under section 67, cl. e. It is not necessary to decide whether money paid upon a pre-existing debt may be recovered under the present act. The court will assume, for the purposes of the present case, that it may be recovered, for the reason that counsel for the defendants concede that it is recoverable under clause b of section 60, if the payment is made to a party who has reasonable cause to believe that it is thereby intended to give him a preference over the other creditors of the bankrupt. The sole question here for consideration is, may money paid upon a pre-existing debt be recovered under clause e of section 67? That clause provides that:

"All conveyances, transfers, assignments or encumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act, subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present, fair consideration."

If a payment of money upon a pre-existing debt may be avoided under the foregoing clause, then all that is necessary to be shown in order to justify a recovery would be that the debtor making such payment had been adjudged a bankrupt within four months after such payment was made, and that the bankrupt, in making such payment, intended to cheat, hinder, or delay his other creditors. It is insisted that the payment of money upon a pre-existing debt is a transfer of property, within the meaning of section 67. In my opinion, the meaning of the word "transfer," in clause e, is to be determined by the application of the maxim, "Noscitur a sociis," and that the words "conveyance, transfer, assignment or encumbrance" apply to a transfer or incumbrance of property real or personal, rather than to the payment of money upon a pre-existing debt. The creditor receiving the conveyance, transfer, assignment or incumbrance of property is designated in the clause in question as a purchaser, and not as a payee. If section 60, cl. b, as is conceded by counsel on both sides, furnishes a remedy for the recovery of money paid upon a pre-existing debt, there would seem to be no reason why congress should have provided for the accomplishment of the same purpose, and upon wholly different grounds, in section 67, cl. e. Such a construction would make section 67 include the same class of transactions as those expressed in section 60, and there would be no reason whatever for the enactment of clause b of section 60. It certainly is a more reasonable construction to hold that every part of the statute should be given effect, and that section 60, cl. b, should be limited to judgments and preferences, including preferential payments made where the payee had reasonable cause to believe that a preference was thereby intended, and that section 67, cl. e, should be held to apply to conveyances, transfers, assignments, or incumbrances of property, other than money, which were not made in good faith, and supported by a present, fair

consideration. And such is the construction that I am disposed to give these sections. If all payments of money made within four months prior to an adjudication in bankruptcy may be recovered from a creditor simply by showing that the bankrupt intended by such payment to cheat, hinder, or delay his other creditors, it would prove a serious embarrassment to commercial transactions. No person, though believing that his debtor was solvent, and that the payment was made to him without any intent to hinder, delay, or defraud his other creditors, could safely receive a payment of a pre-existing debt. A construction working such inconvenience to legitimate business ought not to be given to the statute, unless its language is so clear and explicit as to require such a construction. Clause e of section 67 is not sufficiently clear and specific to justify the construction contended for. It follows, therefore, that the exceptions to the several answers must be overruled. So ordered.