In re FT. WAYNE ELECTRIC CORP.

WORDEN v. COLUMBUS ELECTRIC CO.

(District Court, D. Indiana. October 11, 1899.)

No. 7.

1. BANKRUPTCY—ALLOWANCE OF CLAIMS—PREFERRED CREDITOR.

Under Bankruptcy Act 1898, § 57g, providing that the claims of creditors of a bankrupt who have received preferences shall not be allowed unless they surrender their preferences, a creditor who has actually received a preference cannot have his claim allowed without surrendering the pref-

erence, notwithstanding the fact that he had no knowledge or cause to believe that a preference was intended.

2. SAME—PREFERENCES—PAYMENT OF MONEY.

Payment of a debt in money is a transfer of property, within the purview of Bankruptcy Act 1898, § 60a, providing that a debtor shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable one of his creditors to obtain a greater nercentage of his debt than other creditors of the same class.

In Bankruptcy.

Breen & Morris, for Worden.

Robertson & O'Rourke, for Columbus Electric Co.

BAKER, District Judge.    The petition to reconsider the decision of this court is overruled.    This court has held that a trustee could not recover back from a creditor, to whom a payment had been made on a valid pre-existing debt, the money, so paid, unless it was shown that the payee had reasonable cause to believe that a preference was thereby intended. . The court further held that clause e of section 67 did not apply to such preferential payment.    Blakey v. Bank, 95 Fed. 267.    This case, however, throws no light on the question involved in the present controversy.    The bankruptcy act, in clause g of section 57, provides that the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences.    Knowledge or cause to believe that a preference was intended is not included as an element of the preference which shall work a disallowance of the claim.    If a preference has actually been received by the creditor, the statute, without regard to the creditor's knowledge or cause to believe that a preference was intended, is peremptory that such preference must be surrendered or his claim must be disallowed.    The bankruptcy act, in clause a of section 60, provides that "a person shall be deemed to have given a preference if, being insolvent, he has  *   *   *  made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class." The insolvent cannot give a preference unless the creditor receives it. In this case the creditor, if its claim is allowed, will receive a greater percentage of its debt than other creditors of the same class, if it may retain the payment received by it and still prove for the residue of its claim.    It is urged that a payment of money is not a transfer of property, within the purview of clause a of section 60.    This contention is unsound.    Money is property, and the payment of money works a transfer of property from debtor to creditor.    Besides, clause 25 of section 1 of the bankruptcy act expressly includes payment as one of the specified methods of transfer.    These views are supported by Coll. Bankr. p. 285, and In re Knost, 1 Nat. Bankr. News (Aug. 1, 1899) p. 403 (Hicks v. Knost, 94 Fed. 625).