In re ALEXANDER et al.

(District Court, N. D. Georgia. May 30, 1900.)

BANKRUPTCY—PROOF AND ALLOWANCE OF CLAIMS—PREFERRED CREDITORS.

Where a creditor, holding an open account against his debtor, receives from him payments on account in the ordinary and usual course of business, and within four months thereafter the debtor becomes bankrupt, the creditor will not be required to surrender the amount so received as a condition upon being allowed to prove the balance of his debt as a claim against the bankrupt's estate, in the absence of evidence to show that the debtor was insolvent at the time the payments were made, or that the creditor knew, or had reason to believe, that a preference was intended.

In Bankruptcy. On exceptions to decision of referee in bankruptcy disallowing the claims of certain creditors.

Smith, Hammond & Smith, for creditors.
Starr & Erwin, for trustee in bankruptcy.

NEWMAN, District Judge. The question certified by the referee to the court in this case is as follows: Whether or not a claim which had been duly proven and allowed should be reconsidered and disallowed on objection thereto by the trustee, upon proof showing pay-

ments made by the bankrupts to said provant within four months prior to the filing of the original petition in bankruptcy; no evidence being adduced showing insolvency of said bankrupts at the time any of said payments were made. The claims as to which this question arose were those of wholesale mercantile establishments dealing with the bankrupts, and holding indebtedness for merchandise sold. The involuntary petition in bankruptcy was filed January 30, 1900. As to one claim it is shown that the last payment made to the creditor was $90, on October 14, 1899; the indebtedness then amounting to considerably over $1,000. On another the last payment was on November 10, 1899, $178.78, the indebtedness at that time being over $900. On another the last payment was on December 28, 1899, $171.54, being one-half of the indebtedness then existing. There were some prior payments within four months, but these dates are given as the last dates of payments, and will be sufficient to illustrate the conclusion reached by the court in this matter.

It is conceded on the argument that these creditors had no knowledge at the time these payments were made of the insolvency of the debtor. Indeed, the referee certifies that there is no evidence before him to show insolvency at the time the payments were made. An examination of the amount of the indebtedness, the amount of the payments, and the dates of the same shows that they must have been made in the ordinary course of business, and discloses nothing whatever showing any intention to prefer on the part of the debtor, or any knowledge whatever of a preference being received on the part of either of the creditors. In order to justify the court, therefore, in confirming the action of the referee in this case, it is necessary to hold that all payments made by the debtor, who subsequently becomes a bankrupt, to creditors within four months, must be repaid by the creditor receiving the same to the trustee, before such creditor can be allowed to prove his debt.

Section 57g of the bankrupt act provides that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences." Section 60b is as follows:

"If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it or to be benefitted thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

It will be perceived that there may be a distinction between the character of preference which will act as a bar to the proof of claims of creditors unless all preference is surrendered, and a preference such as would authorize the trustee to recover the same back from the person receiving it. Under section 57g, knowledge by the creditor that he is receiving a preference is not necessary to prevent the proof of the claim, although under section 60b it is necessary to give the trustee a cause of action for the recovery of the same. Some of the courts, in dealing with the provisions of this act in this respect, have fully recognized this distinction. In the case of Electric Co. v. Worden, 3 Am. Bankr. Rep. 634, 39 C. C. A. 582, 99 Fed. 400, decided by

102 F.—30

the circuit court of appeals for the Seventh circuit, Circuit Judge Jenkins delivering the opinion of the court, the first headnote is as follows:

"Where a creditor who has innocently received a payment upon his debt within four months of his debtor's bankruptcy comes into the court of bankruptcy seeking to share with other creditors in the estate of the bankrupt, he must surrender the preference which he has received; in other words, he has his election to abide by what he has received or to surrender that, and share with the other creditors."

To the same effect are In re Conhaim (D. C.) 97 Fed. 923; Strobel & Wilkin Co. v. Knost, 3 Am. Bankr. Rep. 631 (D. C.) 99 Fed. 409.

To the contrary, holding that there is no preference under section 57g unless the creditor had notice of the insolvent condition of the person subsequently becoming a bankrupt, is the case of In re Piper, 2 Nat. Bankr. N. 7, decided by Judge Wellborn of California. The language of the court is as follows:

"The use of 'preference' in section 57g the court holds to include and mean a preference in the full sense of that term; that is, all the elements of a preference must attach to the use of the word in that connection, viz. the intent of the creditor as well as that of the debtor. That a preference, as applied to the creditor, includes the element of intent or reasonable cause to believe that the debtor is insolvent is further evidenced by section 60c, which provides: 'If a creditor has been preferred, and afterwards, in good faith, gives the debtor further credit without security, * * * it may be set off against the amount which would otherwise be recoverable from him.' "

Deciding that, even under 60b, payments within four months will not constitute a preference, unless the creditor has knowledge of the intention to prefer, is Blakey v. Bank, 1 Nat. Bankr. News, 411 (D. C.) 95 Fed. 267, decided by Judge Baker of Indiana. In the case of Electric Co. v. Worden, supra, it is said: "The bankrupt here intended to prefer the appellant in the sense that while insolvent it sought to give an advantage over other creditors." While the case is not discussed in that view, it seems that the court assumed that at the time the payment was received by the creditor the debtor was insolvent. If the record of the case at bar showed insolvency of the debtor at the time the payments in question were made, it would be necessary to decide the question of what constitutes a preference under section 57g; but, in the absence of evidence showing insolvency, it will be necessary to presume the same for a period of four months prior to the institution of the bankruptcy proceedings, if the question of solvency or insolvency is to control in the determination of the rights of these creditors to prove their claims without repaying the amounts received.

The contention of counsel for the trustee in this case is that the intent of the bankruptcy act is that the settlement of a bankrupt estate shall relate back to a period of four months prior to the commencement of the bankruptcy proceedings, and that equality shall be brought about as of that period. He contends that everything received within four months must be turned back into the hands of the trustee, and equally divided between the creditors. His argument is that all who wish to share in the distribution of the bank-

rupt's estate in bankruptcy must stand upon an equality as of a period four months before the institution of the proceedings in bankruptcy, and that it is immaterial whether the bankrupt was solvent or insolvent at the time the payment within four months was made, because the purpose of the act is to cause an equal distribution as suggested.

I do not think the position thus taken is sound in reason or under the provisions of the bankrupt act. The definition of "preference" given in the act (section 60a) is as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

Assuming that the payment of money is embraced in the expression, "transferred any of his property," it is still necessary, in order to constitute a preference, that the person making the payment should have been insolvent at the time the payment was made. Certainly payments made by one entirely solvent at the time the payments are made are not obnoxious to any provisions whatever of this act, and where, as in this case, the payments appear to have been made in the ordinary course of business, without any knowledge whatever of the insolvency of the debtor on the part of the creditor, the fact that the debtor is subsequently declared a bankrupt seems insufficient to render these payments objectionable, even under section 57g, with regard to the proof of claims. As has been stated, the fact that the debtor was adjudicated a bankrupt on January 30, 1900, would render it necessary, in order to avoid these payments, to presume insolvency in December, November, and October preceding. There certainly can be no such presumption in fact. Casualties of many kinds may render a perfectly solvent business firm insolvent in a day. And I am not aware of any provision of the bankruptcy act which requires, or even authorizes, any such presumption. Four months is fixed as the period within which preferences are avoided, but not as a period within which insolvency is necessarily presumed. Where, therefore, as in this case, the evidence fails to disclose insolvency at the time payments were made, or any knowledge or reason to believe on the part of the creditor that a preference was being received, or was intended, but the facts seem to indicate, on the contrary, that the payments were made in good faith, and in the regular and ordinary course of business, there is no reason whatever to apply the provisions of section 57g of the bankruptcy act to the proof of the balance of the creditor's claim. Consequently I must hold that the action of the referee in this matter was not justified, and an order will be made directing him to revoke the order disallowing the proof of the debts mentioned in the record.