### In re RATLIFF.

(District Court, E. D. North Carolina. March 21, 1901.)

**1. BANKRUPTCY—PREFERENCE OF CREDITORS—PAYMENT IN REGULAR COURSE OF BUSINESS.**

Payment was made to creditors by a bankrupt in good faith in the regular course of business, when he was unaware of his insolvency, and was not intended to cause a preference. It was likewise received by the creditor, who was also ignorant of his insolvency. *Held,* not to amount to a preference, within the meaning of Bankr. Act 1898, § 57g, prohibiting preferred creditors from proving their claims without first surrendering their preferences.

**2. SAME—PAYMENT INDUCING NEW CREDIT.**

Though the payment induced a new credit, it did not amount to a preference, within section 60c, providing for a set-off of a preference against a new credit.

Appeal from Decision of Referee Disallowing Claims.

The facts found by the referee are: "At the first meeting of creditors, Armstrong, Cator & Co., by their attorney, A. S. Dockery, Esq., offered for allowance proof of claim in due form for $1,230.06. Upon examination of the books of the bankrupt it appears that bankrupt paid to said claimants on August 31, 1900, $150; October 1, 1900, $100; October 10, 1900, $48.12; November 1, 1900, $22.75. On December 31, 1900, bankrupt filed voluntary petition, upon which he was adjudged bankrupt upon the same day. The referee finds as a fact that the bankrupt was insolvent during the whole of the four months immediately preceding his filing of petition in bankruptcy, but at the time the payments aforesaid were made to claimants bankrupt was not aware of his insolvency; that the said payments were not intended by bankrupt to cause a preference; that they were made in good faith, in the regular course of business, and were so received by claimants, who had no knowledge of the insolvency of bankrupt. The referee ruled that the claim be not allowed unless claimants Armstrong, Cator & Co. pay to the trustee all sums which they had received within four months prior to the institution of the bankruptcy proceedings. The Charlotte Trouser Company offered for allowance their proof of claim in due form for $238.97, said claim being for merchandise shipped by the Charlotte Trouser Company on November 21, 1900. It was made to appear to the referee that the bankrupt made payment to the Charlotte Trouser Company on November 20, 1900, of $183; that the bill of goods represented by the proof of claim would not have been sold but for the payment of the prior bill. The referee finds the same facts as to insolvency, etc., as appear with reference to the claim of Armstrong, Cator & Co. The referee ruled this claim be not allowed unless the Charlotte Trouser Company pay to the trustee the amount received by it from bankrupt within four months prior to the institution of the bankruptcy proceedings." Claimants excepted to the rulings of the referee, and the questions are certified for review.

A. S. Dockery, for Armstrong, Cator & Co.

Jones & Tillett and N. A. St. Clair, for Charlotte Trouser Co.

PURNELL, District Judge (after stating the facts as above). The question presented is, do the payments amount to a preference prohibited by the bankruptcy law? The bankrupt did not know at the time the payments were made of his insolvency. How, then, could he have intended a preference? The decision of the referee is based on section 57g,—"the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences,"—and the question presented is, have these creditors received a preference, within the meaning of the bankruptcy act? If they have, then the referee should be affirmed; if not, reversed. What is a preference under the act of 1898 has given rise to many questions, the decisions of which are by no means uniform, or satisfying to the investigating attorney or judicial officers. But many of these questions raised, discussed, and decided are not germane to the case at bar. On the question involved, though, ignoring others entirely, there is doubt when the diverse ways it has been decided are considered. Section 60a, omitting words which have no bearing on the question, provides: "A person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property and the effect of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Section 1, subsec. 25, defines "transfer" to include a transfer of property as a payment, but does not seem to warrant the construction in Electric Co. v. Worden, 3 Am. Bankr. R. 186, 96 Fed. 803, that payment of money in due course of business is included. Subsection "b" of section 60 provides, when a preference is voidable,—i. e. limiting the time to four months, —and when the party benefited thereby, or his agent, "shall have had reasonable cause to believe it was intended thereby to give a preference." Subsection "a," quoted, does not limit the time to within four months, or any other period, and to strictly construe it any payment at any time may prevent a creditor from proving a debt unless he refunds all sums paid. This was certainly not the legislative intention. No court has so decided; none will so decide. And et the construction seems to be logical. It is not one of that class of preferences which may be set aside now involved, but what payment constitutes a preference preventing a creditor proving his claim. The statute provides for setting aside certain preferences (Bankr. Act, § 60, subsecs. "b," "c"; Id. § 67, subsecs. "c," "f"; Id. § 70, subsec. "c"), but recognizes others as valid (Id. § 64, subsec. "b"; Loveland, Bankr. § 190). Preferences, under some circumstances, may be avoided, and the property recovered by the trustee for the benefit of the estate. The true intent seems to be that a person who holds a voidable preference shall not be allowed to prove his claim until he surrenders the advantage which he has obtained in fraud of the act. To hold every payment on a debt in the course of commercial transactions a preference would be to decide the bankrupt act was intended to effectually end all dealings on credit, even the 30, 60, and 90 day basis, upon which the bulk of trading is transacted; and to a great extent paralyze business. No one would impute such an intention to the congress of the United States. A payment made in the ordinary course

107 F.—6

of business is not ordinarily deemed a preference. Clark v. Iselin, 21 Wall. 360, 22 L. Ed. 568; Tiffany v. Lucas, 15 Wall. 421, 21 L. Ed. 198. Some such payments may be preferences, though made in what seemed to be the ordinary course of business, and others may not, though made out of it. The difference depends largely on the financial condition and the intention of the parties,—whether the payment was intended as a preference by the one, being insolvent, and is accepted by the other, having reasonable cause to believe the debtor insolvent, and the payment intended as a preference. An examination of the cases in which such payments are held to be a preference which the creditor must refund to the estate before being permitted to prove his claim, as provided in section 57g, will disclose the fact they turned largely on the rule as above stated,—the financial condition, knowledge, and intention of the parties. The law seems to be as decided in Re Eggert, 3 Am. Bankr. R. 541, 98 Fed. 843. The creditor must have reasonable cause to believe the debtor to be insolvent in fact, as a foundation for a reasonable cause to believe that an unlawful preference is intended. In Electric Co. v. Worden, 3 Am. Bankr. R. 634, 39 C. C. A. 582, 99 Fed. 400, it was held in the circuit court of appeals of the Seventh circuit that, where a creditor has innocently received a payment upon his debt within four months of his debtor's bankruptcy, he must refund the payment before he can prove his claim, and participate in the distribution of the estate; in other words, he has his election to abide by what he has received, or surrender that, and share with the other creditors. The soundness of this proposition may well be doubted, and it is said the question is now by appeal in the supreme court in Pirie v. Trust Co. However this may be, the law seems to be properly stated in Re Smoke, 4 Am. Bankr. R. 434, 104 Fed. 289 (in the opinion and note in the American Bankrupt Reports many authorities are collected and the question ably discussed); in Re Hall (referee's opinion, also citing many authorities) 4 Am. Bankr. R. 671; in Re Alexander, 4 Am. Bankr. R. 376, 102 Fed. 464,—in all of which it is held, under the sections before quoted, that when a payment on account is made to an innocent creditor, in the due course of business, within four months of bankruptcy, when the debtor did not know he was insolvent, such payment is not a preference which must be surrendered as a condition precedent to allowing proof of claim. This seems to be the proper, reasonable construction of the statute, the purpose of which was to provide for an equitable distribution of the bankrupt estate, to promote, and not destroy, business, and benefit, not punish, innocent creditors as well as bankrupts. The Charlotte Trouser Company was not preferred by the payment of the then due account on November 20, 1900, and section 60c, providing for a set-off of a preference against a new credit, does not apply. The preference here intended is such as is contemplated in the act,—a fraud on its provisions. The payment then made was not such a preference as is contemplated in the statute or section 60c. Applying this rule to the facts as found by the referee, the claims of both excepting creditors should have been allowed. The referee is therefore reversed, and the claims allowed.