BARNABAS WELTON, PLAINTIFF IN ERROR, V. HENRY
DeYARMAN, DEFENDANT IN ERROR.

[FILED MAY 2, 1889.]

1. **Pleading**: ANSWER: GENERAL DENIAL: EVIDENCE. Under a
general denial in an answer, the questions presented are the
truth of the facts stated in the petition, and the only proper
testimony is such as will tend to prove or disprove such facts;
but where on a trial under such issue the plaintiff testifies to
facts tending to show a settlement of some of the matters in dif-
ference, and the defendant without objection testifies that at a
time stated all the matters in controversy were fully settled by
the plaintiff·and defendant, and this testimony is submitted
to the jury and acted upon by it, an appellate court will not re-
verse the case because of the admission of such testimony.

2. ———: ———: EVIDENCE: SETTLEMENT: AMENDMENT. Where
in such case, testimony tending to show a settlement is intro-
duced by the defendant without objection, the answer should be
amended to conform to the proof, and an appellate court to sus-
tain a verdict which is clearly right, would, if necessary, order
such amendment. Where, however, the plaintiff testifies to such
settlement and the defendant to the same, the parties differing
only as to the extent of the settlement, the case being tried
without objections on issues made by the evidence, an appellate
court will not disturb the verdict if clearly supported by the
weight of evidence.

3. **Conversion**: EVIDENCE. In an action against a party for the
cutting and conversion of wood, he denied the charge and intro-
duced testimony tending to show that the wood claimed to have
been taken from the plaintiff was procured from a third party
named. *Held*, Not erroneous, but in corroboration of his denial
that the wood was the plaintiff's.

ERROR to the district court for Holt county.   Tried
below before TIFFANY, J.

*Uttley & Benedict,* for plaintiff in error.

*G. M. Cleveland,* for defendant in error.

MAXWELL, J.

The plaintiff's cause of action, as stated in his petition, is as follows: "The plaintiff complaining of the defendant says that on or about the 20th day of November, 1883, the defendant willfully cut down, removed, and carried away, from the premises of the plaintiff, situated in Holt county, in the state of Nebraska, a large quantity of wood, poles, and timber, and converted the same to his own use without the knowledge and consent of this plaintiff, to wit: Four loads of wood, poles, and timber, of the value of twenty dollars.

"2nd. The plaintiff further says that for a further cause of action the defendant is indebted to him in the sum of thirty-two dollars, as follows, to wit: Twenty dollars for the one-half value of one steer lost through the carelessness and neglect of the defendant; for three loads of hay valued at ten dollars, said hay taken from the premises of plaintiff by the defendant without the consent of the plaintiff; and two dollars for two log-chains, making in the aggregate the sum of thirty-two dollars; that said articles are reasonably worth the several sums charged herein, and that the defendant wholly refused to pay for the same."

The answer is a general denial.

On the trial of the cause, the jury returned a verdict in favor of the defendant, and the action was dismissed.

The testimony tends to show that on the 23d day of December, 1881, the plaintiff leased his farm to the defendant, with certain stock thereon, for a term of about two years and three months, the term to commence about February 1, 1882. The contract was reduced to writing, and seems to have been left in the care of the plaintiff, but at the time of the trial had been lost, and some of its terms were not very clearly proved. It does appear, however, that the defendant was to have one-half of the increase of the stock, and that about February 1, 1882, the defendant took possession

under the lease, and remained in possession until the end of April, 1884, when the testimony shows that the parties had a settlement. The extent of this settlement is disputed. Plaintiff contends that it was merely partial, relating to the calves of 1884 as part of the increase of the stock, while the defendant testifies that it included all matters relating to the tenancy.

One of the principal errors relied upon is, that a proof of settlement was given without being pleaded.

The evidence, however, fails to show any objection to testimony relating to the settlement. The testimony of the defendant on that point, with the objection thereto, is as follows:

Q. At the time you had this settlement, where was this steer you took as your last choice?

A. He was not there; I don't know where he was. I found him a few days afterward; he had mired in a swamp. In regard to that settlement, it was all satisfactory when we closed our settlement. I wanted half of the third year's calves, and Mr. Welton objected to it. In fact, he said if we had to divide them calves he wouldn't agree to any other settlement at all. We could not settle at all unless I gave him all the calves.

Q. Did he state any reason why he wanted all those calves?

Objected to as incompetent, immaterial, and no proper defense under the pleadings. Objection overruled; plaintiff excepts.

A. He said that there had been several of them died; it would take the calves to make up the loss.

Q. You say that the settlement at the time it was concluded was perfectly satisfactory between you and Mr. Welton?

A. Yes, sir.

Q. Did Mr. Welton say anything about it being satisfactory at that time?

A. Yes, sir.

Q. What, if any, timber did you cut on said premises?

A. I cut one load and hauled it to Mr. Welton's.  I cut and gathered it.

Q. To what place did you haul it?

A. Here to O'Neill.

Q. At whose request?

A. Mr. Welton's.

Q. Is that all the wood you cut on Mr. Welton's premises and hauled away from there during the time you remained on such premises?

A. Yes, sir.

It will be observed that no objections were made to proof of the settlement, the only objection being to the reason why the plaintiff demanded the calves.

This could not prejudice the plaintiff and is not ground of error.   The plaintiff in his testimony states in effect that he would not have settled with the defendant in May, 1884, unless the defendant had relinquished his claim on the calves of that year.   Where proof of settlement has been introduced without objection, and submitted to the jury, and acted upon by such jury, the party offering or not objecting to such testimony can not urge that objection in the appellate court as a reason for setting aside the verdict.

Where such proof is introduced by the defendant without objection, the answer should be amended to conform to the proof, and it is probable that an appellate court, for the purpose of sustaining a verdict which is clearly right under the evidence, would order this to be done.   But the plaintiff is not in a position to insist upon such amendment, he, in support of his own case, having introduced proof tending to show the same, and the parties differing only as to the extent of the settlement.

The defendant in addition to testifying that he cut and sold no wood from the plaintiff's land, introduced testimony tending to show that he cut and sold wood from land

of another, lying beyond that of the plaintiff. This is now objected to as an affirmative defense, and should have been pleaded. Had the defendant cut and sold wood off the plaintiff's land, he could not under a general denial prove any fact tending to show that he cut and sold such wood, and that he did so rightfully. Under a general denial that he cut the plaintiff's wood, however, he may disprove the facts stated in the petition, and in corroboration of his denial, may show that the wood alleged to have been procured from the plaintiff's land, was obtained from a third party.

The second objection, therefore, is unavailing.

The instructions were delivered orally by consent and cannot be reviewed.

There is no error apparent in the record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.