## In re WOLF.

(District Court, N. D. Iowa, Cedar Rapids Division. December 11, 1899.)

1. BANKRUPTCY—PREFERENCE—CHATTEL MORTGAGE.

Where an insolvent debtor gives to one of his creditors a chattel mortgage on his stock in trade, as security for a pre-existing debt then evidenced by a promissory note, and is adjudged bankrupt within four months thereafter, the transaction constitutes a preference, within the meaning of the bankruptcy law, and the creditor cannot enforce his security.

2. SAME—SECURITY FOR ADVANCES.

Where a debtor, endeavoring to save himself from failure in business, procures a loan of money, and at the same time gives a chattel mortgage as security therefor, which is duly recorded, it is not a preference, within the meaning of the bankruptcy law, though the debtor is insolvent, provided no fraud on creditors or on the act is intended.

3. SAME—SECURITY VALID IN PART.

Where a debtor gives a chattel mortgage which shows on its face that it was given in part to secure a pre-existing debt, and in part to secure a new advance of money made at the same time with the mortgage, and there is no actual fraud in the transaction as to other creditors, or upon the bankruptcy act, the mortgagee will be entitled to enforce his security against the estate of the debtor in bankruptcy, to the extent of the money advanced when the mortgage was executed, although it is void as a preference as to the pre-existing debt.

In Bankruptcy. On appeal from ruling of referee on claims of Julius Arkin, a mortgage creditor.

Deacon & Good, for trustee in bankruptcy.
Charles B. Kepler, for creditor.

SHIRAS, District Judge. From the facts certified to the court, it appears that the bankrupt, Wolf, being indebted to Julius Arkin, on the 15th day of May, 1899, executed and delivered to him, as evidence of his indebtedness, a promissory note for $200, payable in 90 days from date. On the 22d day of July, 1899, the bankrupt borrowed of Arkin the sum of $100, giving his note therefor, payable in 30 days from date; and to secure this indebtedness, as well as that evidenced by the note dated May 15, 1899, the bankrupt executed and delivered to Arkin a chattel mortgage on his stock of goods in Lisbon, Iowa,— it appearing that Arkin would not advance the loan of $100 unless the bankrupt would give security to cover, also, the pre-existing indebtedness. Shortly after the execution and recording of this mortgage, Wolf, the mortgagor, was adjudged to be bankrupt, and his

stock in trade was taken possession of and was sold by the trustee; and the mortgagee filed his intervening petition before the referee, praying that he be held to have a valid lien on the stock of goods as security for the indebtedness due him. Upon the hearing before the referee, it was held that the mortgage security was void as to creditors, in that it was a preference, and taken under circumstances rendering it invalid as against the creditors represented by the trustee.

Viewed as a security given to secure the payment of the pre-existing indebtedness evidenced by the note dated May 15th, the holding of the referee that the mortgage was invalid, because thereby a preference was intended to be created in favor of the creditor, is sustained. Viewed, however, as a security for the sum of $100, money advanced to the bankrupt at the time of the execution of the mortgage, there is nothing shown in the evidence which required the holding that the security given for this loan is not valid. As the security was given for a debt then created, it was a present security, and not a preference which was created by the mortgage; and the case comes within the rule announced by Judge Dillon in Darby v. Institution, 1 Dill. 144, Fed. Cas. No. 3,571, wherein it is said that:

"An insolvent person may properly make efforts to extricate himself from his embarrassments, and therefore he may borrow money, and give at the time security therefor, provided, always, the transaction be free from fraud in fact, and upon the bankrupt act. And hence it is a settled principle of bankrupt law, both in England and in this country, that advances made in good faith to a debtor to carry on business, upon security taken at the time, do not violate either the terms or policy of the bankrupt act."

When the mortgage security was taken in this instance, it was shown on the face of the instrument that it was given in part to secure a pre-existing debt, and in part to secure a note of even date. The mortgage was duly recorded, and no other creditor could be misled by the provisions thereof. As between the bankrupt and the creditor, the mortgage was valid, was not tainted with fraud in fact, and the only objection to be urged against the same is that if the trustee should pay the note for $200, dated May 15th, it would be giving a preference to the mortgagee over the other creditors, as that was a debt created before the giving of the mortgage, whereas the bankrupt had full right to give security for the present loan of $100. In other words, if the bankrupt had given on the 22d of July a chattel mortgage on his stock to secure the pre-existing debt, evidenced by the note dated May 15th, and on the same day had given a second mortgage to secure the loan of $100 then advanced as a present consideration, the first mortgage might be nonenforceable against other creditors, under the provisions of the bankrupt act, but the second mortgage would be valid, being given for a present consideration advanced in good faith upon the faith of the security created by the second mortgage. In equity the rights of the parties are not affected by the fact that both the past and present debt are secured by one mortgage instead of two. As already said, there was no effort to mislead creditors by uniting the past debt with the present loan in one note, thus apparently making the past debt a present one, but the actual

situation was made plain on the face of the mortgage. There being no actual fraud in the transaction, no provision of the bankrupt act is violated by holding that Arkin is entitled to the benefit of his security so far as the note for $100 is involved, and it is so ordered.