HOWARD B. RALEY, TRUSTEE, APPELLANT, V. RAYMOND BROTHERS CLARKE COMPANY ET AL., APPELLEES.

FILED APRIL 5, 1905.   No. 13,756.

1. **Bankruptcy: PREFERENCE.** When an insolvent debtor within four months of the adjudication of his bankruptcy transfers to one of his creditors with notice of such insolvency sufficient property to satisfy the debt in full, a preference will be presumed, because such is the natural and logical result of the transaction.

2. **Void Transfers.** Under subdivision E, section 67 of the bankruptcy act of July 1, 1898 (U. S. St. at Large, vol. 30, p. 564, ch. 541), all conveyances, transfers or assignments of property of a bankrupt made within four months of the filing of the petition for an adjudication in bankruptcy for a past consideration and with the intent and purpose on the part of the bankrupt to hinder, delay and defraud any of his creditors, are void as against the creditors.

3. **Amendment.** An amendment is permissible which does not change the cause of action but merely sets forth a new assignment or breach springing from the original cause of action.

4. **Amendment after Appeal.** In an appeal in equity in this court an amended petition may be filed in conformity with the facts proved in the record.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed with directions.*

*Robert Ryan* and *George H. Hastings,* for appellant.

*Wilson & Brown* and *A. W. Field, contra.*

OLDHAM, C.

This was a creditors' suit instituted in the district court for Lancaster county, Nebraska, by Howard B. Raley, trustee of Walter P. Hanley, a bankrupt, against Raymond Brothers Clarke Co., a corporation, for the purpose of setting aside the transfer of the notes and book accounts of the estate of Walter P. Hanley, and for an accounting of the amount collected by the defendant corporation from such notes and accounts. The facts underlying the controversy, briefly summarized, are that in July, 1900, Walter P. Hanley was engaged in the mercantile business in Dorchester, Nebraska. He exchanged his stock of merchandise for some money and 160 acres of land in Butler county, Nebraska, and on July 18, 1900, he transferred to Harry A. Tebbitts, the collecting agent of the defendant, $580 in cash and all his accounts and promissory notes, amounting in gross to about $5,385.39, in the alleged payment and satisfaction of an account owed to defendant for merchandise of about $1,900. On August 21, 1900, Hanley was adjudged a bankrupt, and Howard B. Raley was duly appointed and qualified as trustee of his estate. The lands received by Hanley in exchange for his goods were seized by the trustee and sold, and from their proceeds a 17 per cent. dividend was paid on the debts of the bankrupt. The amount of indebtedness proved against his estate aggregates the sum of $10,097.95. Immediately after the transfer of the notes and book accounts to defendant's agent, Hanley absconded, leaving no property except the 160 acres of land in Butler county for the satisfaction of any of the claims against his estate. The petition filed in the

35

court below alleged, in substance, that Hanley, until about the middle of July, 1900, was doing a retail merchandise business in Dorchester; that about the date last mentioned, and in less than four months of the filing of the petition, on which he was adjudged a bankrupt, Hanley had disposed of all his real and personal property for the purpose of defrauding his creditors, and had absconded from the state of Nebraska; that he was duly adjudged a bankrupt, and that plaintiff was appointed and qualified as trustee of Hanley's estate; that Hanley is wholly insolvent (setting out the proximate amount of his indebtedness), and a dividend of only 17 per cent. had been declared, and that all assets of the estate except the claim sued on herein had been collected. The petition also alleged the order by the referee in bankruptcy for the prosecution of this suit. The petition further alleges as follows:

"That on or about July 14, 1900, and within four months before the filing of the petition as aforesaid for an adjudication of bankruptcy against Walter P. Hanley, the said Walter P. Hanley, by an agreement between himself and said Harry A. Tebbitts, for the purpose of defrauding the creditors of said Walter P. Hanley, transferred all his promissory notes, books, books of account and indebtedness due him for goods and merchandise to said Harry A. Tebbitts, but the exact nature of said notes, accounts and evidence of indebtedness, and by whom owing, your petitioner is unable to describe more fully than as above set forth. Your petitioner alleges that said transfer was made for the benefit of the said Raymond Brothers Clarke Company, and to enable said corporation to obtain the proceeds of the collection thereof to apply on the aforesaid indebtedness owing by said Walter P. Hanley to said Raymond Brothers Clarke Company, but whether said transfer and assignment purported to be to Harry A. Tebbitts or to Raymond Brothers Clarke Company your petitioner is unable to state, but your petitioner alleges that such books, promissory notes, accounts, books of account and other indebtedness owing to Walter P. Hanley were

on or about July 14, 1900, by him transferred for the use and benefit of said Raymond Brothers Clarke Company, and to be collected and credited on the indebtedness owing by said Walter P. Hanley to the said Raymond Brothers Clarke Company when so collected, and since about July 14, 1900, a large amount in the aggregate has been collected on said notes, book accounts, accounts and evidences of indebtedness, which prior to about July 14, 1900, had been owing to said Walter P. Hanley, the amount of which collections is to your petitioner unknown. Your petitioner respectfully represents that, though said collections for the benefit of Raymond Brothers Clarke Company have been made, they have not been reported and turned over to apply on the indebtedness proved or to be proved against the estate of said bankrupt, but have been kept concealed in fraud of the rights of creditors of Walter P. Hanley, and have been applied to the sole use and benefit of Raymond Brothers Clarke Company. Your petitioner further represents that the concealment of the nature of the transaction between Walter P. Hanley and Harry A. Tebbitts, and the concealment of the proceedings and acts of said Harry A. Tebbitts and Raymond Brothers Clarke Company and their agents and employees, render it impossible for your petitioner to state with sufficient definiteness the facts to entitle your petitioner to maintain an action at law, for which reasons your petitioner invokes the equitable powers of this court that your petitioner may have a discovery of the facts on which your petitioner is entitled to relief, and that thereupon this honorable court may grant fully such relief as the proofs shall show your petitioner entitled to." The prayer is that the transfer be declared null and void, and that the defendants be decreed trustees for their own wrong for Walter P. Hanley, bankrupt, and for an accounting.

The answer of defendants, after admitting its incorporation, that it was engaged in the wholesale mercantile business, and that Hanley had been engaged in the retail merchandising business, as charged in plaintiff's petition,

denied that it received the assignment of the accounts alleged against with any fraudulent intent, and, further answering, said:

"And this defendant, further answering, alleges that on the 14th day of July, 1900, the said Walter P. Hanley was indebted to this defendant in the sum of $1,318.51 for goods and merchandise theretofore sold and delivered to said Hanley by this defendant, and that on said date the said Walter P. Hanley, in full payment of said indebtedness, sold and delivered to this defendant the notes and accounts mentioned in plaintiff's petition, which notes and accounts did not exceed in value the amount then due and owing to this defendant from the said Hanley. And this defendant alleges that in all things connected with the purchase of said notes and accounts the defendant Harry A. Tebbitts acted as the agent of this defendant. Further answering, this defendant says that, all this time said notes and accounts were so sold and delivered by said Hanley to this defendant, neither this defendant nor his agent Harry A. Tebbitts knew or had reason to believe that the said Walter P. Hanley was insolvent, nor did they or either of them believe or have reasonable cause to believe that said notes and accounts were sold to this defendant by said Hanley with any intent to give this defendant a preference, nor did said Walter P. Hanley intend said sale and transfer of said notes and accounts so made to be a preference. Wherefore this defendant prays that it may go hence without day and recover its costs herein expended, but, if for any reason this court shall find that the said sale of said notes and accounts is invalid, then this defendant prays that its debt against said Hanley may be revived against the estate of said Hanley, and that this defendant may be adjudged entitled to its *pro rata* share of the assets of said estate, and that in any event the plaintiff's recovery may be restricted to the excess received by this defendant on and above its *pro rata* share of said estate." There was a reply in the nature of a general denial to this answer.

We have quoted from these pleadings at considerable length in view of the fact that on a proper construction of the issues tendered in the court below depends the correct conclusion to be reached from the facts clearly and plainly established by the evidence contained in the bill of exceptions.

It is proved in the testimony beyond the possibility of a cavil that, at the time these notes and accounts were assigned to defendant's agent, Hanley was hopelessly insolvent, and that this fact was known to the defendant when it received the assignment. It is also without dispute that the assignment was hurriedly made on a telegraph blank, and handed to defendant's agent when Hanley was in the act of absconding, and when other creditors were known by defendant to be pressing him for a settlement of their accounts. It is stipulated that there had been collected by defendant on these notes and accounts $2,653.38 at the time of the trial, but the remainder of the assets were not accounted for in the record. The court below found that defendant knew that Hanley was insolvent when it took the assignment of the claims, but also found that the assignment was taken in perfect good faith for the payment of an indebtedness actually existing, and without any fraudulent intent on defendant's part. At the close of the testimony and before judgment, plaintiff tendered an amended petition in conformity with the facts proved, which alleged specifically that a fraudulent preference was intended by this assignment, within the meaning of section 60 of the bankruptcy law of July 1, 1898. The court denied leave to plaintiff to file this amended petition on the ground that it was a departure from the issues originally pleaded, and entered a judgment in favor of defendant, and dismissed plaintiff's petition; and to reverse this judgment plaintiff appeals to this court.

At the outset of the discussion it is urged by counsel for appellees that as this is an equitable action brought to this court on appeal we cannot, under the rules of practice governing appeals, consider the error, if any, of the district

court in refusing leave to plaintiff to file its amended petition to conform to the facts proved; that such question could only be reviewed in error proceedings. Technically this contention is correct and supported by numerous former adjudications of this court, but, waiving all question as to the ruling of the district court on the filing of the amended petition, we think its judgment is clearly erroneous under the practically undisputed evidence in the record, which was admitted without objection, and which is supported by the general allegations of the petition on which the cause of action was tried in the court below. The gist of the petition plainly was the alleged fraudulent transfer of the notes and book accounts of the insolvent firm within four months of the adjudication of Hanley's bankruptcy. While there was no specific allegation of an intended fraudulent preference in the original petition, yet the petition was not assailed either by motion or demurrer, but on the contrary was pleaded to, and an answer filed denying specifically that defendant intended any fraudulent preference by reason of the transfer, or that it knew of the insolvency of Hanley when such transfer was made. On this question the particular allegations of the answer aided the general allegations of the petition, and fairly presented for adjudication to the court below the question of an intended fraudulent preference within the meaning of section 60 of the bankruptcy act, which provides as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting

Raley v. Raymond Bros. Clarke Co.

therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

There seems to be one question on which the various holdings of the circuit courts of the United States are fairly uniform, and that is on the proposition that, where an insolvent debtor transfers to one of his creditors in payment of his debts personal property sufficient in value to satisfy the debt in full, a preference will be presumed, 1 cause such is the natural and logical result of the transaction. *Johnson v. Wald,* 93 Fed. 640; *Goldman v. Smith,* 93 Fed. 182; *In re Wolf,* 98 Fed. 84; *Shutts v. First Nat. Bank,* 98 Fed. 705; *In re Ft. Wayne Electric Corporation,* 96 Fed. 803. And again section 67, subdivision E of the bankruptcy act, declares all conveyances, transfers or assignments of property by a bankrupt, made within four months of the filing of the petition for an adjudication of bankruptcy, with the intent and purpose on the part of the bankrupt to hinder, delay and defraud his creditors or any of them, void as against the creditors of such debtor, except as to transfers in good faith for a present fair consideration. The evidence in this case shows that the transfer of the notes and accounts was not for a present, but for a past consideration, and consequently, when made, as the evidence clearly shows it was, with the intent on the part of the bankrupt to delay and hinder other creditors, it was void within the meaning of this act.

Because of the failure of the record to account for the uncollected claims in the hands of the defendant it is impossible to make an independent finding as to the amount plaintiff should recover, and for this reason it will be necessary to reverse the judgment of the district court, with directions to enter a judgment in favor of plaintiff, and require a full accounting from the defendant for all claims assigned to it on July 18, 1900.

Since the passage of section 681a of the code, which provides for a trial *de novo* in equity appeals in this court,

and for independent conclusions as to what "finding or findings are required under the pleadings and all the evidence," there is no reason why plaintiff's request to file the amended petition tendered in the court below should not be granted here. An amendment to correspond to the facts proved is permissible under our code, either before or after judgment, provided always that the amendment shall not state a new and different cause of action from that originally relied upon. The transaction complained of is the cause of action. As before stated, in the instant case it was the alleged illegal and fraudulent assignment of the notes and accounts to the defendant by the bankrupt. Consequently, the amended petition tendered is germane to the original cause of action. *Gosnell v. Webster,* 70 Neb. 705; *Epply v. Lovell,* 5 Neb. (Unof.) 251; *Gourley v. Prokop,* 71 Neb. 612. An amendment is permissible which does not change the cause of action, but merely sets forth a new assignment or breach springing from the original cause. *Perot v. Leeds,* 13 Phila. (Pa.) 185; *Kiser v. Dannenberg,* 88 Ga. 541; 15 S. E. 17; *Carrie v. Cloverdale Banking & Commercial Co.,* 90 Cal. 84. The practice seems to be approved in states having statutes governing proceedings on appeal similar to our own to either treat the amendment offered in the court below as having been filed or to permit it to be filed anew in the court of last resort. In *Toy v. McHugh,* 62 Neb. 820, an immaterial variance between the petition and the proof was disregarded, and SULLIVAN, C. J., speaking for the court says:

"Considered as a whole the evidence does not, it is true, respond to the averments of the petition; but the variance is not in an essential matter and should, at this stage of the litigation, be altogether disregarded, for it is evident that it did not mislead the defendant to his prejudice nor embarrass him in making his defense upon the merits."

In *McKinney v. Jones,* 55 Wis. 39, under a statute similar to our own, where a defective petition was considered, the court said:

"This proof supplied the omission in the complaint. Under a familiar rule often acted upon by this court, the complaint may be amended, as well after as before judgment, to correspond with the proofs, or the omission may be disregarded."

To the same effect has been the holding in *Wilcox & White Organ Co. v. Lasley*, 40 Kan. 521; *Case v. Wandel*, 16 Ind. 459. We think the practice in equity appeals permitting an amendment to be filed in this court in conformity with the facts proved preferable to treating it as having been filed in the court below.

We therefore recommend that the plaintiff be permitted to file his amended petition in this court, and that the judgment of the district court be reversed and the cause remanded, with directions to the court below to find the issues in favor of plaintiff, and to require a full accounting from the defendant of all the notes and accounts assigned to it by Hanley on July 18, 1900.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the plaintiff is permitted to file his amended petition in this court, and the judgment of the district court is reversed and the cause remanded, with directions to the court below to find the issues in favor of plaintiff, and to require a full accounting from the defendant of all the notes and accounts assigned to it by Hanley on July 18, 1900.

REVERSED.