MARY E. McNAMARA, APPELLEE, v. WILLIAM C. MC-
NAMARA, APPELLANT.

FILED FEBRUARY 11, 1913.   No. 17,667.

1. **Divorce:** CONDONATION. Condonation of acts of cruelty by the husband against the wife is conditional upon subsequent good conduct, and cannot constitute a defense in an action for divorce if the husband is guilty of cruelty after the alleged condonation.

2. ———: EXTREME CRUELTY. A false and malicious accusation of adultery by a husband against his wife is cruelty, and if, knowing it to be wholly unfounded, the husband wilfully makes such accusation, and is guilty of other acts of cruelty while her action for divorce is pending, such conduct on his part will be considered as aggravating former acts of cruelty relied upon for a divorce.

3. **Appeal:** EQUITY: TRIAL DE NOVO. In an action in equity this court, upon appeal, must try the case de novo upon the evidence in the record. A decree of divorce will be affirmed if a cause of action alleged in the petition is supported by the evidence, although the trial court based the decree upon another alleged cause of action not established by the evidence.

4. **Evidence** found to support the decree of divorce.

5. **Divorce:** MODIFICATION OF DECREE. Decree for alimony and custody and support of children modified for reasons stated in the opinion.

APPEAL from the district court for Dakota county: ANSON A. WELCH, JUDGE.  *Affirmed as modified.*

*Alfred Pizey* and *J. A. Douglas,* for appellant.

*R. E. Evans, M. F. Harrington* and *D. H. Sullivan,* contra.

SEDGWICK, J.

The plaintiff and defendant were married in the year 1900. The plaintiff began this action in the district court for Dakota county in the year 1907 to obtain a divorce and alimony. The ground alleged in her petition was extreme cruelty. The defendant denied all allegations of cruelty. Upon motion and notice the trial court ordered the defendant to pay certain sums as suit money and temporary alimony, and, the defendant having neglected to make such payments, a further order was made that, unless the defendant comply with the orders of the court in that regard, his answer should be stricken out and he should not be allowed to defend the action. Pursuant to this order the answer was stricken out and a decree entered in favor of the plaintiff, which, upon appeal to this court, was reversed upon the ground that the defendant could not be deprived of his right to defend in an action for divorce from the bonds of matrimony. 86 Neb. 631. The case was remanded to the trial court for further proceedings, and the plaintiff amended her petition, alleging acts of cruelty while the action was pending, and afterwards, upon leave of court, filed a supplemental petition, in which she alleged a cause of action against the defendant upon the ground of adultery. The defendant answered, and upon trial the court entered a decree of divorce in favor of the plaintiff and a judgment for alimony, and gave the care and custody of the children to the plaintiff, and made a further allowance against the defendant for the support of the children. The defendant has appealed.

The defendant insists that the decree of divorce in favor of the plaintiff is not supported by sufficient evidence; that the judgment for alimony is excessive; and that the order of the court in regard to the care and custody of the children is not warranted by the evidence. The trial court found that the defendant was guilty of extreme cruelty as alleged in the original petition and in the amended petition, with special findings of fact constituting the cruelty. The court further found that all of those acts of cruelty had been condoned by the plaintiff before the commencement of the action. The court also found that at a time after this action was begun the defendant was guilty of extreme cruelty in making unjustifiable charges against the plaintiff, and that the defendant was also guilty of extreme cruelty in that he failed, refused and neglected to maintain or support the plaintiff after this action was begun. The court also found that the defendant during the year before the action was begun was guilty of adultery as charged in the supplemental petition.

The record is very large. Some 15 witnesses were examined on the part of the plaintiff, and more than 30 on the part of the defendant. Under the statute we are required to examine this evidence independently of the finding of the trial court and determine anew the issues presented by the parties. In the condition of this record we find this duty to be a very difficult one. It is impossible to feel that confidence in the result of our investigation of the evidence which is desirable in all judicial proceedings. A large part of the defendant's brief is devoted to a discussion of the evidence tending to establish the guilt of the defendant of the crime of adultery charged against him, and it is most earnestly insisted that the evidence fails to support the finding of the trial court upon that issue. There is no direct evidence of the act charged against the defendant, except the testimony of the woman with whom it is alleged the act was committed. She testifies that she was then about 17 years of age, and that

about the same time she also had intercourse with a young man whom she afterwards married, and who she thinks is the father of her child begotton at that time. It would seem that since her marriage she has led a correct life, and her acquaintances vouch for her statement that she has become a respectable woman. There is also the evidence of three other young girls, who testify to improper conduct on the part of the defendant. The evidence of one of these impresses us as being candid and truthful, but she could not positively identify the defendant as the one whom she charges with the improper conduct, and the act which she charges against him was not of such a serious character. The defendant is a man past 50 years of age, and all the evidence in the record that tends in any way to impeach his character relates to a very short period of his life, not exceeding a year and a half or two years. He denies positively, and apparently with frankness, the evidence of these witnesses against him. Very many of his acquaintances, who have known him for many years, testify to his correct conduct and mode of life. It seems improbable that a man who has led a correct and honorable life until past 50 years of age should for a short period abandon all sense of virtue and decency and afterwards again for several years lead an irreproachable life. However this may be, we must still consider the charge of extreme cruelty as a ground for divorce in this case.

The trial court we think was in error in finding that former acts of cruelty had been condoned by the plaintiff so that they should not be considered in determining the weight of the evidence as tending to establish the charge of cruelty. It appears that the finding of the trial court that after the action was begun the defendant was guilty of an act of cruelty against the plaintiff is established by the evidence. All the evidence shows that the plaintiff is a virtuous woman, and that she has during the whole period of their married life endeavored to perform her duty as a wife. The defendant, without any ground therefor, as he and his counsel now substantially admit, wrote

a long letter, ostensibly to his lawyer, reciting in detail accusations against his wife, reciting some of the alleged proof which he could produce showing her to have been guilty of adultery, and threatening, if the action for divorce were persisted in, to bring forward his charge against his wife as a matter of defense. This letter, though ostensibly written to his lawyer, was inclosed in an envelope addressed to his wife, and it was received by her. He says that at the same time he wrote this letter to his lawyer he also wrote one to his wife, and that they must have been exchanged by mistake; but his lawyer received no letter from him, and the court was justifiable in finding that he intentionally forwarded these accusations to his wife. This, under the circumstances, was cruelty. The trial court also found that defendant was guilty of other acts of cruelty about the time and soon after this action was begun. Under these circumstances, the defendant is not permitted to allege the condonation by his wife of a former course of cruel conduct towards her, such as is alleged in her petition. *Heist v. Heist,* 48 Neb. 794. It is urged that conduct after the action was begun cannot furnish a ground for divorce, but it has been held by courts of high authority that to falsely and maliciously charge a virtuous woman with crimes of this character, even if those charges are contained in the pleading and alleged as matter of defense, if wholly unsupported by the evidence, would be regarded by the court as cruelty, and as aggravating other charges of cruelty relied upon as ground for divorce.

In considering, therefore, the evidence in this case as establishing extreme cruelty on the part of the defendant as a ground for divorce, we should take into consideration the whole course of conduct of the defendant during their married life. We cannot attempt in the limits of an opinion of reasonable length to analyze this mass of testimony, much less to recite the testimony of the various witnesses. As we have already stated, the plaintiff at the time of the marriage was about 18 years of age, and the defendant

was 49 years of age.  He had been divorced from a former wife, and was the owner and was operating a large ranch in Iowa, which he afterwards sold and purchased a ranch of about 1,000 acres in Brown county in this state.  He had met with some financial difficulties on account of his former divorce and the judgment entered therein, and perhaps from other causes, and was very much occupied in his business affairs, and much of the time away from home, and apparently failed to realize the situation and necessities of his young wife, who during the seven years of their married life had borne him four children, and was deprived of the society of her former friends and acquaintances and left to her own resources for diversion, and in the care of her children.  It is not necessary to find from the evidence that he used personal violence against her, or purposely or maliciously rendered her life intolerable.  Carelessness and neglect, coupled with rude and boisterous behavior, and at times unkind words, with some conduct towards other women that would naturally offend a sensitive wife, if practiced through a period of years, would constitute such extreme cruelty as the law characterizes as ground for divorce.  The evidence in some important particulars is conflicting and in many respects unsatisfactory.  It may be that we have failed to find the truth of the matter, but upon the whole record we find that the charge of extreme cruelty against the defendant is sufficiently sustained to support the decree.

The defendant seriously complains of the amount of the judgment for alimony.  The evidence is particularly con- flicting and unsatisfactory as to the amount and value of the defendant's property.  He still owns the ranch in Brown county of about 1,000 acres, covered by several mortgages, all of which are said by the plaintiff's counsel to be fictitious and fraudulent, except one mortgage for $10,000, which is admitted to be valid and a first lien. When this litigation was begun the plaintiff also had per- sonal property which is valued by the witnesses as from $10,000 to $20,000.  Upon this conflicting evidence the

trial court found that the value of the defendant's property, real and personal, over and above valid liens thereon, is $20,000, and after considering this evidence we would not feel that we can do better than to adopt that as a correct finding. The trial court allowed the plaintiff $5,000 permanent alimony and $1,000 for attorney's fees and expenses. The custody of the children was given to the plaintiff, and the court decreed that the defendant should pay for the support of the children the sum of $600 per year until the further order of the court. $600 per year is 6 per cent. interest on $10,000. This, if the defendant's property was available as cash, would leave the defendant $4,000 unincumbered. We think that the decree of the trial court in allowing these amounts is excessive. While the evidence is conflicting as to the value of the defendant's ranch, it is substantially agreed that it is not at present salable, or at least for the amount that the court has found it to be worth. The defendant has already incurred considerable expense in this litigation, and the evidence will not justify the conclusion with any certainty that the defendant will be able to meet these further payments required of him, even if he should use all of his property for that purpose. The allowance for the support of the children is not final. It can be enlarged or decreased by the trial court at any time, upon proper showing. We think, under the circumstances, that the amount given plaintiff is so large that there is, to say the least, no certainty that the defendant will be able to obtain in cash from his available property any considerable sum in addition to such amount. The sum allowed should, therefore, be considered in full of all demands against him. It is not clearly shown that the defendant could at the present time realize more than $14,000 on his entire property; and we think, therefore, that an allowance of $1,000 for attorney's fees and expenses and $3,000 as permanent alimony for the use of the plaintiff and $400 per annum for the children is all that this evidence will justify.

The trial court entered the following order as to the custody of the children: "That the custody of the children be and it is awarded plaintiff until further order of the court, they not to be removed from its jurisdiction; and defendant is enjoined from interfering with plaintiff in the control of the children, but shall be entitled to visit them at reasonable hours not oftener than once in two months, visits not to last more than two hours each, and to be in the presence of the sheriff in said county, or his deputy." This order can, of course, be modified at any time that necessity demands. If the defendant should improperly interfere with the children or with the plaintiff in the care of the children, the court can make such orders as are necessary for their protection. There is nothing in the evidence that we have found requiring such restrictions placed upon the defendant in regard to visiting his children.

The judgment of the district court is therefore modified. The decree for divorce is affirmed on the ground of extreme cruelty, and the defendant is required to pay to the clerk of the district court of Dakota county, within 60 days from the filing of this opinion, the sum of $1,000 for the plaintiff for her attorney's fees, suit money and expenses, and the further sum of $1,000 as permanent alimony, and the further sum of $2,000 as permanent alimony, payable as follows: $1,000 on the first of August, 1913, $1,000 on the first of February, 1914, and $400 per annum for the support of the children, payable quarterly on the 1st day of April, July, October and January of each year, first payment to be April 1, 1913, with interest on all overdue payments at 7 per cent. per annum; the said sums to be in full satisfaction of all permanent alimony, maintenance and expenses. The plaintiff's receipt may be filed with the clerk in satisfaction of this decree. The order of the district court in regard to the custody of the children is modified so as to allow the defendant to visit the children at all reasonable times, in the presence of their mother. In all other respects the order of the

district court is affirmed.   The costs of this litigation are to be taxed against the defendant.

AFFIRMED AS MODIFIED.