JAMIN B. ROOT, APPELLEE, v. DOUGLAS COUNTY ET AL., APPELLANTS.

FILED NOVEMBER 10, 1920. No. 21553.

1. **Highways:** PAVING: CONTRACT: VALIDITY. Where, in letting a county paving contract to the lowest and best bidder, under section 2956, Rev. St. 1913, the specifications and proposal for bids call upon each bidder to specify the time when he will agree to commence and when he will complete the work, if awarded the contract, and provide that liquidated damages shall be charged against the contractor for each day's delay in performance beyond the contract time, the time of performance is an essential part of the bid, and, where omitted, the bid is incomplete and not responsive to the proposal. In such event the bid cannot be filled out, nor the time for performance inserted, after it is received and opened by the county board, and an award of the contract to such bidder is invalid.

2. **Appeal:** AMENDMENT OF PLEADING. Under section 7712, Rev. St. 1913, power is given the court to conform the pleadings to the proof, when the amendment does not substantially change the claim or defense, and a judgment based upon such proof will not be reversed for the reason that such amendment has not actually been made.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Crofoot, Fraser, Connolly & Stryker, Carl E. Herring* and *A. V. Shotwell,* for appellants.

*John P. Breen, contra.*

FLANSBURG, J.

Action by plaintiff, a taxpayer, to enjoin the performance of a contract, entered into between Douglas county, defendant, and the Allied Contractors, Incorporated, defendant, for the paving of certain county roads. The trial court allowed the injunction, declared the contract void, and found as a ground, among others, for such decision that the specifications and notice to bidders thereon did not fix a time within which the paving was required to be laid, but, on the other hand, called upon the bidder to fix his own time, and that the defendant Allied Contractors, Incorporated, did not in its bid respond to that request, nor fix a time within which it would perform, if awarded the contract.

The statute governing the matter (Rev. St. 1913, sec. 2956) provides: "All contracts for the erection or reparation on bridges, * * * for the building of * * * improvements on roads; * * * the cost and expense of which shall exceed five hundred dollars, shall be let by the county board to the lowest and best bidder."

The specifications and blanks furnished to the bidders in this case called upon the bidder to specify in his bid, not only the price at which he would agree to perform the contract, but also the time when he would commence work and the time when he would agree to complete it. The specifications further provided that any contract entered into would make time for performance material, and would have embodied in it an agreement for the payment by the contractor of liquidated damages for each day's delay beyond the contract time.

Time within which a contract of this kind is required to be performed has a direct bearing and influence upon

the cost of performance to the contractor, and hence upon the amount of his bid, and prices will vary according to the length of time allowed for performance, as well as according to what lapse of time may be allowed before the work must be commenced. Where the specifications do not fix the time for performance, but require the bidders to designate a time, they will naturally endeavor to specify such a time, both as to date to commence and as to period of duration of performance, which best suits each of them, and which will allow each to do the work for the least money, and, therefore, give an opportunity to offer what would be the lowest possible bid.

It is readily seen that time, as well as price, becomes a very material element of the bid, and that both must be considered by the board in arriving at a determination as to who is the lowest and best bidder. The state engineer testified to that conclusion, and the defendants in their brief admit such to be the fact. They say: "Can it be possibly contended that in considering who is the lowest and best bidder the element of time is not as essential a matter to be considered as the element of costs?"

It has been held in some jurisdictions that time is not only an essential question for consideration by the public officials in passing upon bids, but the courts have gone so far as to say that the element of time, even in the absence of statutory requirement, must be definitely fixed and stated in the specifications, so that each and every bidder may, not only be given equal opportunity of bidding, but be required to bid, on the basis of the same identical period of time. These courts hold that when time is not so specified the proposal for bids is incomplete, and a uniform and common plan of bidding is not provided, since, if each bidder determines the matter of time for himself, no two bids will be on the same basis, and this, it is said, goes to the very essence of competition. *Johnson v. Atlantic City*, 85 N. J. Law, 145; *MacKinnon v. Newark*, 100 Atl. (N. J.) 694; *Armitage v. Newark*, 86 N. J. Law, 5; *Kneeland v. Furlong*, 20 Wis. 460; 3 McQuillin, Municipal Corporations, sec. 1207.

In the case here under consideration the contention of the state engineer, who acts in conjunction with the county in these paving undertakings, as his attitude is determined from his testimony, is that, where time for performance of the work is definitely limited or specified in the proposal for bids, then many bidders, who may be so situated that they cannot do the work at the particular time described, though they might be able at some other time, are excluded and prevented from offering bids, and the field of competition is thereby narrowed. On the other hand, it is asserted that, when all bidders are allowed to specify their own time, each is given a chance to make the lowest bid possible to him, and the time specified in their bids can be considered by the board, in conjunction with and as a part of the item of costs, in determining who is the lowest and best bidder. It becomes apparent, whether this court should adopt the rule that time must be specified in the proposal for bids, or whether that matter may be left to the bidder, that, in any event, where time for performance is material, and where it directly bears upon the question of cost and the question, therefore, of whose bid is the lowest and best, as it does in this case, the matter of time must at least be covered and finally determined by the bid when the bid is filed.

The bid of the defendant in this case, as the finding of the trial court, based upon the record, shows, did not, when it was filed and opened, specify any time when or within which defendant agreed to perform the work. That element, as we have just pointed out, was an essential part of the bid. The bid was not responsive to the proposal made by the board, nor was it complete without the time element being covered. Though the state engineer himself filled in a date in this bid, to the effect that the work should be completed by December 1, 1920, such material addition and alteration of the bid, after the sealed bid had been filed and opened with the other bids, in pursuance of the plan prescribed for the competition, cannot be authorized, and the contract based thereon is in-

valid. *Hornung v. Town of West New York*, 82 N. J. Law, 266; *City of Chicago v. Mohr*, 216 Ill. 320; *McQuiddy v. Brannock*, 70 Mo. App. 535.

Defendants contend that the finding of the trial court, as to the bid of the Allied Contractors not specifying the time within which the work would be performed, is not within the issues presented by the pleadings. The petition alleged, only, that the bid was not responsive to the printed specifications and proposal furnished by the board, for the reason that the Allied Contractors, Incorporated, had fixed no definite time in which it would complete the work, but had filled in the blanks so as to read that it would "use due diligence" to complete the work by a certain time.

On the trial it developed that, when the bid was received, it was entirely blank as to matter of time, that the state engineer filled in the date, December 1, after the bid was opened, and that after he had done so the Allied Contractors, Incorporated, qualified what he had done by interlining in the bid the words to the effect that defendant would "use due diligence" to complete the work by the date mentioned. The tenor of the claim in the petition was that the bid was not responsive, by reason of the use of the qualifying words that the defendant would "use due diligence" only to complete the work by the date mentioned; the proof, however, received without objection, discloses that the bid was not responsive, since no time whatsoever was specified in the bid presented.

No objection has been raised by the defendants that the court's finding was not supported by the pleadings, nor that the evidence was not within the issues, until the reply brief was filed in this case. It does not appear that an amendment of the pleadings to conform to the proof, under section 7712, Rev. St. 1913, would substantially have changed the plaintiff's claim in this case. Such an amendment would undoubtedly have been allowed by the trial court, had request been made, and the defendants could not have been prejudiced thereby. The issues pre-

sented here are, apparently, the same as those presented in the trial below, and, since this matter was treated as within the issues there, it should be so considered now. See note, Ann. Cas. 1913E, 1315 (*Peterson v. Lincoln County*, 92 Neb. 167); L. R. A. 1916D, 843 (*Ellinghouse v. Ajax Live Stock Co.*, 51 Mont. 275).

It is unnecessary to pass upon other objections raised by plaintiff, since the judgment must, for the reasons given, be

AFFIRMED.

DAY, J., not sitting.