WALTER W. EICHER, APPELLEE, v. MATTIE EICHER, APPELLANT.

26 N. W. 2d 808

Filed April 4, 1947. No. 32163.

*Max Kier,* for appellant.

*McKillip, Barth & Blevens,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This is a divorce action which resulted in a decree for the plaintiff. · Defendant appeals. The errors assigned and discussed are that the trial court erred in finding that defendant had committed acts of extreme cruelty; that plaintiff was entitled to a divorce; that the cause, if it existed, had not been condoned; in dismissing defendant's petition for separate maintenance; in failing to make proper orders relating to the custody of minor children; and in the alimony granted. We affirm the judgment of the trial court.

The parties were married in 1928. They have lived all their married life at Seward. Two children were born to the marriage who at the time of the trial were

17 and 8 years of age. The parties lived together in apparent harmony until about 1942. About that time an uncle of the defendant, and the defendant's mother came to live with them. Discord followed. The uncle died in August or September 1945. The mother moved out of the home in March 1945.

At least as early as 1943, defendant committed a battery on the plaintiff. These plaintiff testified continued with some regularity as occasion prompted. Plaintiff left the home.

On June 29, 1945, plaintiff filed petition for divorce, alleging extreme cruelty, the presence in the home of members of defendant's family over his objection, and the impairment of his health.

In August 1945, the plaintiff, defendant and their children went on a vacation to Colorado. Marital relations were resumed. Shortly after returning home, if not at the time, plaintiff again left the home.

On September 13, 1945, defendant filed an answer, consisting largely of a general denial, and a cross-petition in which she alleged, in effect, condonation by the resumption of marital relations on the trip to Colorado, and plaintiff's refusal to live with defendant thereafter. Defendant further alleged cruelty on the part of the plaintiff and nonsupport, and prayed for a divorce from bed and board, custody of the children, and child support.

Thereafter, and in September 1945, the parties and their attorneys met at the court room, presumably for a trial of the case. A conference was had in the court's chambers. The defendant told plaintiff she was pregnant. It later developed that she was not. Plaintiff decided he should return home and did so. Thereafter, trouble again occurred. In January 1946, defendant objected to plaintiff leaving the home one evening, and rather severely battered the plaintiff. He fell, injuring his back. He then again left the home.

On March 28, 1946, the matter came on for trial on the pleadings as above recited. Defendant secured

permission and then amended her cross-petition by an allegation that subsequent to the filing of her cross-petition plaintiff had asked the resumption of marital relations, had promised to conduct himself properly, had failed to do so, had continued his cruel conduct toward her, and that the parties had not lived together since February of 1946.

At the trial the story of the troubles of the parties was related to the court. There is no need here to recite the details of the evidence. The batteries were fully proved and in part admitted by defendant. There is medical evidence that plaintiff has an "anxiety neurosis," a "depressive melancholy" that is a direct result of his marital situation. This has improved during the separations and become worse during the periods of resumed relations. Both parties expressed opposition to further continuance of the marriage relation.

We are in accord with the finding the trial court made granting the plaintiff a divorce, and in denying defendant a decree of divorce from bed and board, unless the decree should be denied because of either condonation or the situation presented by the pleadings.

Condonation is forgiveness for the past upon condition that the wrongs shall not be repeated. It is dependent upon future good conduct. The repetition of the offense revives the wrong condoned. Heist v. Heist, 48 Neb. 794, 67 N. W. 790; Anderson v. Anderson, 89 Neb. 570, 131 N. W. 907; McNamara v. McNamara, 93 Neb. 190, 139 N. W. 1045; Riddick v. Riddick, 112 Neb. 813, 201 N. W. 557; Wetenkamp v. Wetenkamp, 140 Neb. 392, 299 N. W. 491. It is clear that there was a condonation of the cruelty upon which the petition of plaintiff was based. It is also clear that there was a repetition of the offense of cruelty, to wit, the battery in January 1946. That repetition revived the wrong previously condoned. There is no evidence upon which a finding of condonation thereafter can be based. Accordingly, we find no merit

in defendant's contention that a divorce should be denied because of condonation.

However, we are confronted with a question of pleading which we raise on our own motion. There was a condonation after plaintiff filed his petition. He filed no supplemental petition alleging events occurring subsequent thereto. The defendant pleaded condonement by her cross-petition and by the amendment. Her first allegation of condonation went to plaintiff's cause of action. Her amendment was an allegation that she had condoned plaintiff's alleged wrongful acts, and that he had thereafter repeated them. Plaintiff made no answer to the defendant's cross-petition.

It is obvious from an examination of this record that the trial court was fully advised as to all the facts, and the parties proceeded upon the theory that condonation and a repetition of the offenses reviving the wrongs were considered as issues, and were tried out and determined.

We do not approve this procedure, although an examination of the record in some of our decisions indicates that this practice has not been questioned heretofore. Plaintiff should have answered the cross-petition if he desired to take issue on the material allegations contained therein. But, even if treated as a default by plaintiff, it is not claimed here that defendant's evidence was sufficient to sustain a decree on her cross-petition. It is obvious that it was known to the parties that there would be evidence of a condonation and a repetition of the offense by the defendant, all occurring subsequent to the filing of the petition and answer and cross-petition. All of the evidence relating to these matters was without the pleadings, and admitted and considered without objection. The parties should have asked leave to amend their pleadings if either desired to rely upon these matters. Where condonation is relied upon as a defense, it should be pleaded. Where a repetition of the wrong condoned is relied upon, it should be pleaded. When this situation became apparent, the trial court should have

required the parties so to plead in order that the record reflect the issues tried and to be determined. As this record stands, the pleadings do not reflect the obvious fact basis of the decree.

However, this appeal brings the case here for trial de novo under the provisions of section 25-1925, R. S. 1943. Westphalen v. Westphalen, 115 Neb. 217, 212 N. W. 429. By the statute we are to reach an independent conclusion "under the pleadings and all the evidence" of the findings of fact "complained of upon the evidence preserved in the bill of exceptions."

Section 25-852, R. S. 1943, provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

Section 25-856, R. S. 1943, provides: "Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply alleging facts material to the case, occurring after the former petition, answer or reply."

Where it is clear that all of the evidence to sustain or defeat an issue was adduced by the respective litigants in an equitable action in the district court, it is competent on appeal for this court in the interests of justice to permit amended pleadings to be filed so as to conform to that proof. Bennett v. Baum, 90 Neb. 320, 133 N. W. 439. See Homan v. Steele, Johnson & Co., 18 Neb. 652, 26 N. W. 472; Welton v. DeYarman, 26 Neb. 59, 42 N. W.

338; Scott v. Spencer, 44 Neb. 93, 62 N. W. 312; Pinkham v. Pinkham, 61 Neb. 336, 85 N. W. 285; Raley v. Raymond Bros. Clarke Co., 73 Neb. 496, 103 N. W. 57; Peterson v. Lincoln County, 92 Neb. 167, 138 N. W. 122; Pitman v. Henkens, 125 Neb. 621, 251 N. W. 282.

The parties have not asked permission to file amended or supplemental pleadings.

However, under the provisions of section 25-852, R. S. 1943, power is given the court to conform the pleadings to the proof, when the amendment does not substantially change the claim or defense. A judgment based upon such proof will not be reversed for the reason that such amendment has not actually been made. If the evidence, admitted without objection, clearly proves a claim or defense, the pleading will upon appeal be considered amended accordingly. Root v. Douglas County, 105 Neb. 262, 180 N. W. 46; Allertz v. Hankins, 102 Neb. 202, 166 N. W. 608; Berwyn State Bank v. Swanson, 111 Neb. 141, 196 N. W. 125; Luthy v. Farmers Mutual Hail Ins. Ass'n, 129 Neb. 579, 262 N. W. 490.

The cause is here for trial de novo on the record. It should be determined. Consistent with the above statutes and our decisions, the pleadings will be considered as amended to conform to the proof. A decree will not be denied because of the condition of the pleadings. Other courts have considered a similar problem and have reached a like conclusion. See Ferguson v. Ferguson, 145 Mich. 290, 108 N. W. 682; Egidi v. Egidi, 37 R. I. 481, 93 A. 908; Davison v. Davison, 182 Iowa 1116, 165 N. W. 44; Robbins v. Robbins, 234 Iowa 650, 12 N. W. 2d 564.

At the time of the trial the child Beverly, eight years of age, was in the custody of the mother. The decree was entered April 16, 1946. The trial court in that decree took under advisement the matter of the child's custody, but provided that the plaintiff should pay the defendant $35 for her support and maintenance up to May 15, 1946. This left the child in the custody of the mother. On May 15, 1946, the custody was placed in an uncle and aunt

from May 16, 1946, to September 1, 1946, at which time her temporary custody was to be returned to the mother until the further order of the court. Plaintiff was ordered to pay for her custody and care while with the uncle and aunt. The record discloses that defendant now has the custody of the child and has an award for support pending this appeal. Upon the receipt of the mandate in this action, the matter of future custody and support will be for the determination of the trial court.

We find no error in the trial court's orders as to the custody of the child Beverly. The other child is a boy 17 years of age. No order was made as to his custody and no complaint is made here as to that.

Finally, the defendant complains that the award of alimony is not sufficient. At the time of the marriage, the parties had little of property. The defendant had a cow worth $40, which was sold and the proceeds spent for household furniture. Plaintiff had a small tire and battery shop, its value not shown. At the time of the trial, plaintiff had gross assets of approximately $8,340, consisting of his shop equipment, stock of merchandise, bank accounts, book accounts, building and loan and other stock, household furniture and government bonds. He had outstanding wholesale and local accounts of $1,800, and outstanding checks of over $300 on his bank account. This would reduce the total of his worth to approximately $6,200.

However, included in the list of assets is the amount of $2,000 in U. S. Government "E" bonds, most of which were purchased in 1943. Apparently the value fixed is the maturity and not the present value. The present value is not shown. The record further reveals that for the last 13 years the parties have lived in a house owned by plaintiff's mother. They have not paid rent, but have maintained the property. The rental value is not shown. These facts we think are properly to be considered, although they cannot be exactly weighed in determining the net value of the accumulations of the plaintiff during

the period of the marriage. Also to be considered is the fact that in the list of assets is included furniture valued at $500.

The plaintiff is 45 years of age. The defendant's age is not shown. Neither party has perfect health.

The trial court awarded the defendant $1,750 payable in installments over a year and three months, and the furniture and household goods, except such items as are purely personal to plaintiff. The defendant thus was awarded cash and property totalling $2,250 out of the above estate. We see no reason for disturbing the amount awarded.

Defendant's attorney was allowed an adequate attorney's fee in the trial court. An additional allowance is requested for service in this court. Defendant has elected to make this appeal. Plaintiff has been required to pay the costs of the appeal and to support defendant during its pendency. We see no reasonable justification for the appeal. Under these circumstances, the allowance of an attorney's fee is denied.

The judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., dissenting.

The parties to this action lived together as man and wife for two periods of time after the filing of the petition for a divorce. This was clearly a condonation of the acts furnishing the basis of the cause of action. Assuming that the original cause was revived by the subsequent acts of misconduct by the wife, I have a deep-seated conviction that the husband should not be permitted to obtain a divorce upon his original petition without first pleading the facts relative to the condonation and its revivor. See 17 Am. Jur., § 199, p. 250.

The fact that the defense of condonation and its subsequent revivor does not appear in the pleadings filed by the parties does not preclude their consideration by the court. "The court or the judge, as the representative of the interests of the public, may make

inquiries having a material bearing upon those interests, notwithstanding the issues which may be raised by the pleadings." 17 Am. Jur., § 322, p. 313. The purpose of this rule is to guard against fraud and collusion in the exercise of the court's jurisdiction.

The position assumed by the majority that the pleadings will be treated as having been amended to conform to the evidence eliminates the reasoning behind the foregoing rule. Indiscriminate cohabitation by parties in pending divorce actions will not be curbed by the adoption of the rule announced by the majority. The least that could be required under such a situation is that a mandatory duty be imposed upon the parties to state the truth to the court in the pleadings filed in the case. The public interest will not be subserved, public decency will not be maintained, and fraud and collusion will not be deterred in this type of action by merely advising litigants how it may be done rather than how it must be done. I am not in accord with the superficial treatment given this subject by the majority.

YEAGER, J., concurs in the foregoing dissent.