## LATIMER v. JONES ET AL.

1. **Negligence**: ATTORNEY: FAILURE TO DISCOVER MISTAKE. Where a special execution issued on a decree of foreclosure misdescribed the land covered by the decree, it was held that the fact that the mistake was not discovered by the plaintiff's attorney until three months after the sale under the execution did not show negligence which would defeat an action to set aside the sale on the ground of the mistake.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, MARCH 23.

ACTION in chancery to set aside a sale of land to plaintiff on an execution issued upon a decree of foreclosure in favor of plaintiff and against defendants. The relief is asked upon the ground that the execution, through the mistake of the clerk, did not cover all the lands described by the decree, and the sum bid at the sale was the full amount of the decree, the plaintiffs believing that all the land covered by the decree was described in the execution. The court, by its decree, set aside the sale and awarded a new execution. Defendants appeal.

*J. F. Illick*, for appellants.

*Hedge & Blythe*, for appellees.

BECK, J.—I. The cause is submitted for our decision upon an agreed statement, which presents the following material facts in the case. The plaintiff recovered a decree foreclosing a mortgage and directing the sale of the land conveyed, which is described in the mortgage as the south half and the west half of the north half of the southeast quarter of section twenty-five, etc., containing one hundred and twenty acres. A special execution was issued which described the land as follows: South half of the west half of the north half of the southeast one-fourth of section twenty-five, etc. The land

was advertised by the description found in the execution and sold thereon. ¡ The error of the description in the execution was not observed by the attorney of plaintiff, who bid for his client the full amount of the judgment and costs, and the property was accordingly sold to him. The error in the description of the land contained in the execution resulted from a mistake of the clerk in issuing the writ. It is not shown that plaintiff or his attorney was negligent in not discovering the mistake, or had knowledge of its existence until about three months after the sale, when the attorney applied to the sheriff to pay the costs and receive the certificate of sale. The mistake was then discovered and the attorney refused to accept the certificate, and thereupon the money which had before been paid upon the costs was returned to him and his receipt was canceled. The sheriff changed the return of the execution which he had before prepared, so that it showed the sale was declared void on account of the mistake in the description of the land in the execution, which was returned unsatisfied. The land covered by the mortgage and decree is barely sufficient in value to satisfy plaintiff's judgment, and the land described in the execution is proportionately of less value.

II. It is not disputed by the counsel for defendants that the courts will, in cases of mistake like the one before us, grant relief by setting aside the sheriff's sale, if the party seeking the relief is not chargeable with negligence. *Snyder v. Ives*, 42 Iowa, 157. There is no difference of opinion among counsel of the respective parties as to this rule of the law. The only duty imposed upon us in this case is to apply the rule to the facts disclosed by the record.

It is not stated or shown in the abstract that plaintiff or his attorney is chargeable with negligence, nor are any facts shown from which negligence may be inferred. It is shown that the mistake of the clerk was not known to the attorney until he was making settlement with the sheriff for the costs. It does not appear that the plaintiff himself had any personal

connection with the business. It by no means follows that the attorney is chargeable with negligence on account of his ignorance of the mistake. He had prepared a decree properly describing the land, and he had a right to suppose that the execution would follow the decree. He was not negligent in failing to compare the execution and decree. *Snyder v. Ives, supra.*

III. Counsel for defendants insist that plaintiff had an adequate remedy by a motion, and, therefore, he cannot seek relief by an action in chancery. In reply to this objection it is only necessary to say that the abstract does not show it was in any manner urged in the court below. It cannot be first made in this court.

The judgment of the Circuit Court is

AFFIRMED.