CLARISSA J. AUSTIN, APPELLANT, V. MARY E. BROWN ET AL., APPELLEES.

FILED DECEMBER 20, 1905.   No. 14,058.

Deed: REFORMATION. As between the parties thereto, or where purchasers without notice are not affected, a deed of conveyance will be corrected to cover the premises intended to be conveyed.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Reversed with directions.*

*R. E. Evans,* for appellant.

*Edwin J. Stason, contra.*

DUFFIE, C.

Section 19, township 29 of range 9, Dakota county, Nebraska, originally contained but 8.8 acres of land. The Missouri river by its changes has added accretions which, by a decree of the district court for that county, were assigned to the different tracts bordering upon that portion of the river affected, the part falling to section 19 being 44.5 acres. This accretion belonging to section 19

is in the form of a strip 525 feet wide running in a north-westerly direction to the present bank of the river. Prior to May 12, 1894, Mrs. Allithear Scott was the owner of section 19 and the accretion thereto, and she contracted to sell to one Mary Swinson ten acres of this accretion. The husbands of these respective parties were authorized to make the contract and to mark out the land to be conveyed. Not being able to obtain a surveyor, they ran off the land themselves, using a rope two chains in length for that purpose. In this manner the ten-acre tract was located, and a deed, supposed to describe the same, was prepared by a person in Sioux City, and the land, as located, has been occupied by some one of the defendants since about the date of the sale. There was supposed to be about 24 acres of accretion land lying south of this ten-acre tract, which Mrs. Scott afterwards conveyed to one Dorn, and by subsequent conveyances the title became vested in the defendant Mary E. Brown. The description contained in the deed from Mrs. Scott to Mrs. Swinson is as follows: "Commencing at a point on the east line of the accretion belonging to section 19, township 29, range 9 east of the 5th P. M., at a distance of 30 chains from the northeast corner of said section 19; running thence north 23 degrees west 14.90 chains; thence west to the west line of accretion belonging to said section 19; thence south and east along said west line of said accretion 14.90 chains; thence east to the place of beginning. Also a private right of way 16 feet in width along the east line of said accretion from the northeast corner of said section 19 to a point on said east line 14.90 chains north of said corner, and reserving a private right of way 16 feet wide along the east side of the tract herein conveyed." When Mrs. Scott conveyed to Dorn the south tract, supposed to contain 24 acres, he went upon the premises, and was shown the line claimed by the plaintiff as her south line, and supposed that that was the north line of the tract which he was buying, but at the same time understood that the tract contained 24 acres of accretion land; and all sub-

sequent purchasers of that tract, including the defendant Mrs. Brown, purchased under the same circumstances and with like information. The descriptions in the deeds conveying the south tract are as follows: "Lot No. 1 of the N. E. $\frac{1}{4}$, section 19, in township 29 north of range 9 east of the 6th P. M., containing 8.8 acres: Also the accretion lands belonging to said fractional section 19, described as follows, to wit: Commencing at meander corner between sections 19 and 20; then north 23 degrees west 30 chains; thence due west to the west line of the accretion to said fractional section 19, township 29, range 9 east; thence south 20 degrees 45 minutes east 30 chains to the meander corner between fractional section 19, township 29, range 9 east and fractional section 31, township 89, range 47 west of the 5th P. M., containing 24 acres, more or less, except a private right of way 16 feet in width along the east line of said accretion." It will be noticed that the southeast corner of plaintiff's land as described in her deed, is 30 chains north of the northeast corner of fractional section 19, and that in describing the accretion land now owned by Mrs. Brown the description places the northeast corner the same distance north of the northeast corner of fractional section 19. There is therefore no conflict between the description in the two deeds; but in 1902 Mrs. Brown had her land surveyed, and the description in her deed located the northeast corner of her land six rods north of the line claimed by the plaintiff. She immediately made claim to the south six rods of the land claimed and occupied by the plaintiff, and the plaintiff has brought this action to correct the description in the deeds in such manner as to cover the land claimed and occupied by her. Neither the old line, as claimed by the plaintiff, nor the new line, as established by the survey, will give the defendant, Mrs. Brown, 24 acres of accretion land. If the old line is adopted, she will have but a little over 21 acres. If the new or last survey line is adopted, she will have an excess of nearly two acres. The district court found for the defendants and dismissed the plaintiff's petition,

and we are asked to examine the evidence and to reverse that finding and decree.

We think the entire case depends upon the effect to be given to the testimony of Mr. Scott and Mr. Swinson, the parties who marked off the ten-acre tract claimed by the plaintiff, and who have more perfect knowledge of what was done and intended than any others. Scott testified that he intended to reserve 24 acres of accretion land south of the tract sold to Mrs. Swinson; but Swinson claims that he informed Scott at the time that he would not take any of the lowland bordering the river bank, and that a point some three feet distant from a tree was agreed upon between them as the northeast corner of the tract (his evidence is undisputed in this regard), and that Scott himself drove a stake at that point. It is undisputed that Mrs. Swinson and her grantee have occupied and cultivated the land up to the point now claimed by her as her south line; that Scott and his grantees recognized that as the south line of her tract; that Scott's grantees purchased their land believing that it was their north boundary, and that no dispute ever arose concerning the same until after the survey made in 1902. It is not disputed that each of the grantees of this south tract had notice of the plaintiff's claim prior to their purchase. One cannot read the evidence without coming to the conclusion that it was the intention of Scott to convey to Mrs. Swinson the land now claimed by the plaintiff, and there was an evident mistake in drawing her deed and placing her south boundary line six rods north of the point actually fixed upon and designated by the parties at the time. We recommend a reversal of the judgment and that the cause be remanded, with directions to enter a decree in accordance with the prayer of plaintiff's petition.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded,

with directions to enter a decree in accordance with the prayer of plaintiff's petition.

REVERSED.