JOHN J. BURKE, APPELLEE, v. ANNA WELCH ET AL., APPELLANTS; GEORGE O. BURNS ET AL., APPELLEES.

FILED JANUARY 16, 1913.   No. 16,915.

Deeds: REFORMATION. A certain tract of real estate with visible monuments and definite boundaries was pointed out to an intending purchaser, who afterwards received a conveyance erroneously describing the property as being eight feet wider than the tract actually sold. The purchaser took possession and exercised ownership only as far as the true boundary, and made no claim to the eight-foot strip for several years thereafter, the vendor retaining possession and control of the same, and being in possession at the time he sold it, with the remainder of the tract of which it formed a part, to the plaintiff. *Held,* That the fact that there was a mutual mistake in the deed warrants its reformation so that the description may conform to the true intention of the parties.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Albert & Wagner,* for appellants.

*Reeder & Lightner, contra.*

LETTON, J.

This is an action for an injunction and to reform a deed by correcting the description. The district court found for the plaintiff, and defendants appeal.

In September, 1903, George O. Burns, who was the owner of lots 3 and 4, block 20, Stevens addition to the city of Columbus, conveyed "the east 54 feet of lot 3" to his daughter, Anna, who was about to marry. In July, 1905, the daughter, Anna Poole, and her husband con-

veyed the same premises by warranty deed under the same description to Anna Welch. Each of these lots is 62 feet wide, so that, after the conveyance to his daughter, Burns remained apparently the owner in fee of the whole of lot 4 and the west eight feet of lot 3. In March, 1907, Burns sold and conveyed lot 4 and the west eight feet of lot 3 by warranty deed to John J. Burke. Mr. Burns bought the property about 15 years ago. He erected his house on lot 4, which is a corner lot. There is an alley running north and south through the block, which runs on the east side of lot 3. At the time he gave the property to his daughter he measured 54 feet from the center of the alley, pointed out the dividing line to her, and planted a tree at the west line of the property. Mr. and Mrs. Poole erected a house upon the property and took possession up to this line. The house was rented to Mrs. Welch, who occupied it when she bought the property. Mr. Burns testifies that, just before Mrs. Welch purchased it, she asked him to show her where the line was; that he took a ten-foot pole, went with her to the center of the alley, and measured 54 feet over to the tree, then he went to the south side of the lot, and measured 54 feet; that Mrs. Welch put in a stake at that point, and did likewise at the north end; and that she then said:. "That is all right, that is all the ground I want." After Mrs. Welch purchased, Burns mowed the grass on the west of the dividing line. Mrs. Welch built a sidewalk extending from the alley to the line of the tree; Burns built the walk from there on. Afterwards Mrs. Welch filled her lot with dirt up to the east side of the line, and Burns filled in 150 loads on his lots and up to the west side of this line. Plaintiff testifies that in March, 1907, when he bought, he took possession up to the line marked by the tree. He remained in possession for about a year, without any question from Mrs. Welch, and afterwards, when she said he was encroaching, he procured the line to be surveyed by one Gottschalk. She admits she never made any claims as to the eight feet east of the pump before the Gottschalk

survey, and that she did not mow the grass on it. The husband of Mrs. Welch testifies that there was no dispute about the line until after Burke bought the property in March, 1907; that Mrs. Welch never claimed the pump or property west of the mark until after the Gottschalk survey was made.

The complaint of the appellant is that the findings and decree are not sustained by sufficient evidence, are contrary to law, and are inequitable. She argues that the presumption is that the deed expresses the true contract; that, to justify the reformation of a written contract on the ground of mistake, it must appear that the mistake was mutual, and the evidence must be clear, convincing, and satisfactory; and that the court should not correct a mistake and conform an instrument to the intention of parties with respect to boundaries, when to do so will defeat their intention as to the quantity. It is further said that there must be an offer to do equity, and there is no such offer made in this case, and that the action is barred by the statute of limitations. While there is a conflict in the evidence, mainly on account of the testimony of Mrs. Welch who denies the existence of a number of material facts testified to by other witnesses, the great preponderance seems to be with the plaintiff. We think the proof is clear, convincing, and satisfactory that all conveyances were made with reference to the actual boundary line marked upon the ground; that Mrs. Welch, before she completed the purchase, knew exactly what property was intended to be conveyed; that she purchased a specific tract of land with ascertained and marked boundaries; that she took possession only as far as this boundary line, and made no attempt to assert title or to take possession to the west of this until after Burke had purchased from Mr. Burns. These facts bring the case within the power of a court of equity to grant relief. *Austin v. Brown*, 75 Neb. 345, 348.

With regard to the defense of the statute of limitations, the record does not show when the action was be-

gun, and, so far as we can see, the action seems to have been brought in time.

As to the claim that there is no offer to do equity on account of Mrs. Welch having paid the taxes on the eight-foot strip, the record shows that Mr. Burke offered in open court to pay any taxes that have been levied upon the disputed strip since the time of the deed to Mrs. Welch. This we think is all that it was possible for him to do, since there was no proof offered as to the proportionate share of the taxes levied thereon. It is also said that he has not offered to do equity because he has not offered to pay the value of the eight feet, but this he was not required to do, since Mrs. Welch was never in fact the true owner of this property.

The decree of the district court is clearly right, and is

AFFIRMED.