R. E. BETZ, Appellee, v. NELS P. SWANSON et al., Appellants.

REFORMATION OF INSTRUMENTS: Grounds—Fraud Plus Unilateral
1    Mistake. A showing (1) that a grantor either mistakenly or fraudu-
     lently inserted in his deed a clause binding the grantee to pay an
     existing mortgage on the land, contrary to the prior contract of the
     parties, and (2) that the grantee without undue negligence ac-
     cepted said deed without knowledge of said clause, affords ample
     ground for the reformation of said deed.

REFORMATION OF INSTRUMENTS: Defense—Negligent Acceptance
2    of Deed. Reformation of a deed which wrongfully obligated the
     grantee to pay an existing mortgage on the land will not be denied
     because the grantee was guilty of a measure of negligence in ac-
     cepting the deed, it appearing that the objectionable clause was
     quite successfully camouflaged by other language of the deed.

REFORMATION OF INSTRUMENTS: Defenses—Merger of Prior Con-
3    tract. The principle that a contract for the sale of real estate is,
     as a general rule, merged in the subsequently executed deed has no
     application to an action wherein reformation of the deed is asked
     in order to make it harmonize with the prior contract.

Headnote 1:   34 Cyc. p. 920.   Headnote 2:   34 Cyc. p. 948.   Headnote
3:  34 Cyc. p. 948.

*Appeal from Woodbury District Court.*—R. H. MUNGER, Judge.

OCTOBER 27, 1925.

ACTION in equity to reform a deed. Decree as prayed. The
opinion states the case.—*Affirmed.*

*Edwin J. Stason* and *C. M. Corbett,* for appellants.

*Jepson, Struble, Anderson & Sifford,* for appellee.

STEVENS, J.—I. The transaction out of which this contro-
versy arose involved the exchange of a farm in Nobles County,
Minnesota, owned by appellant, for an apartment house located
in Sioux City, owned by appellee. Both properties were incum-
bered by mortgages for large amounts. The deed executed by

appellant conveying the Minnesota land contained a clause by which the grantee assumed and agreed to pay the incumbrances thereon. Appellee prays that the deed be reformed so as to provide that the conveyance is subject to incumbrances only, upon the ground that the clause was inserted in the deed by accident, fraud, or mistake.

Both parties reside in Sioux City, and had as their common agent for the sale of their respective properties one S. M. Jaffe. This is shown by the fact that each paid him a commission. The negotiations for the exchange were begun by appellant with Jaffe at his office in Sioux City in the early part of 1921. The proposition which was on the same day accepted by appellee was submitted to him by Jaffe for appellant. Appellant, throughout his written and oral arguments, strenuously contends that all that transpired prior to the execution and delivery of the deeds amounted to nothing more than mere preliminary negotiations, and that the contract finally agreed upon was effected by the exchange of deeds. This contention is shown to be unsound, both by the testimony offered on behalf of appellee and the admissions of appellant upon cross-examination. At the time of the first conversation between appellant and Jaffe at the latter's office, a memorandum was made by the latter of certain matters pertaining to the trade. The original could not be produced upon the trial, and there is conflict in the evidence as to its nature and contents. Appellee, the attorney who prepared the deed to the apartment house, and Jaffe, all testified that the original memorandum was signed by the full name or initials of the parties. An instrument purporting to be an exact copy thereof was introduced in evidence. Appellee and Jaffe both testified that this copy was made from the original by Jaffe within an hour after it was written, and that it is a true copy thereof. This memorandum does not purport to contain the full agreement of the parties. It does, however, recite that the Minnesota land is subject to incumbrances of $54,000, the amount of cash to be paid, the amount of the incumbrances upon the apartment and of a second mortgage to be executed thereon by appellant. No reference is made to taxes, abstracts of title, or the time of performance. Appellant denies that he signed the memorandum, either by his initial _ ꙅomerwise, but admits that Jaffe

made a memorandum in his presence which he read. A cash payment of $2,500 was, by the terms of the memorandum, to accompany the offer. Appellant gave Jaffe his check for this amount, and the same was taken with the memorandum to appellee and turned over to him. Except the clause in dispute, the deeds subsequently exchanged were in conformity to the terms of the memorandum and the full oral understanding and agreement of the parties. The one dissent of appellant from the terms of the agreement, as shown by the testimony of the other witnesses, relates to the assumption of existing incumbrances upon the respective properties. In both direct and cross-examination he testified to the conclusion that it was always understood between the parties that each was to assume and agree to pay the incumbrances upon the property of the other, and that, but for such agreement and understanding, the exchange would not have been made. He also testified that the parties understood that they were trading equities only, and that no value was placed upon the different properties. The evidence clearly, satisfactorily, and conclusively sustains the claim of appellee as to the terms of the contract. The whole course of dealing was in conformity thereto.

II. Appellant's next contention is that the mistake, if any, was unilateral, and therefore presents grounds for rescission only. It has too often been held by this, as well as the courts

1. REFORMATION OF INSTRUMENTS: grounds: fraud plus unilateral mistake.

of practically all other jurisdictions, that equity will reform a written instrument upon the ground of mistake occurring at the time the instrument was prepared, only when such mistake is mutual, to require the citation of authorities to that effect. The necessity of mutuality of mistake arises out of the inability of the court to make a contract for the parties. If the mistake is all on one side, then clearly there was no meeting of minds, and therefore no contract. In such case, rescission, and not reformation, is the proper remedy. This is elementary. 2 Pomeroy's Equitable Remedies, Section 676. The terms of the contract in question were clear, certain, and definite, and contemplated that each would convey his property, subject only to the existing incumbrances thereon. The insertion by appellant in the deed executed by him of the assumption clause was in

violation of the mutual understanding and agreement between himself and appellee. Appellee does not ask the court to make a new contract, but to reform the deed, that effect may be given to the intention of the parties as disclosed by the contract which they in fact made. If the clause was inserted in the deed by mistake on the part of appellant or of the scrivener who drew it, then the mistake was mutual, because it was contrary to the real intention and agreement of the parties. If it was inserted by design, it was without consideration and fraudulent. It is a well established rule in equity that a unilateral mistake, accompanied by fraud or inequitable conduct, will also afford ground for the reformation of a contract. 2 Pomeroy's Equitable Remedies, Section 676.

Appellant does not contend that, if the assumption clause was fraudulently inserted in the deed in violation of the mutual intention and understanding of the parties, equity will not grant relief; but it is insisted in his behalf that there is neither plea nor proof of fraud in this case. The petition, however, does charge that:

"The defendant inserted said clause with reference to the assumption of said mortgages above referred to either through mistake, or inserted the same for the purpose and design of fraudulently having said mortgages assumed by this plaintiff."

This plea was not attacked, and is sufficient. Appellant does not deny that the clause was purposely inserted, and the attorney who wrote the deed testified that it was prepared in compliance with appellant's directions. In view of the conclusive character of the evidence as to the contract, we think the evidence sufficient to establish legal fraud. The deed executed by appellee conformed to the contract, and conveyed the city property subject only to existing incumbrances. The power of a court of equity to reform the deed upon the showing made is clear:

III. Abstracts of title were exchanged by the parties, who had them examined by their respective attorneys, who were present at the time the deeds were delivered. There is conflict

2. REFORMATION OF INSTRU-MENTS: defense: negligent acceptance of deed. in the evidence as to whether appellant's deed was read. over by appellee or to him during the final transaction, which occupied considerable time. Appellant and his attorney testified that both deeds were read aloud. Appellee and his attorney deny this, but admit that the description in appellant's deed was read and checked with the abstract or some other memorandum by appellee's attorney.

Based upon the evidence showing this transaction, appellant argues that appellee is estopped by the negligence of himself and his attorney from having a decree of reformation upon any of the grounds stated. This is perhaps the most troublesome question in the case. Appellant cites a large number of decisions of this court to sustain his plea of estoppel. *Roundy v. Kent*, 75 Iowa 662; *McCormack v. Molburg*, 43 Iowa 561; *McKinney v. Herrick*, 66 Iowa 414; *Wallace v. Chicago, St. P., M. & O. R. Co.*, 67 Iowa 547; *Reid, Murdock & Co. v. Bradley*, 105 Iowa 220; *In re Estate of Patterson*, 199 Iowa 362; *Houchin v. Auracher*, 194 Iowa 606. The negligence charged in each of these cases was the failure of the complaining party to read or otherwise familiarize himself with the contents of an instrument signed by him. The strict rule of these cases is not to be applied here, although negligence may, in a proper case, be invoked, to prevent the reformation of a written instrument. The rule applicable to cases such as we are considering, as stated in *Snyder v. Ives*, 42 Iowa 157, is as follows:

"The law requires only reasonable diligence, and requires this to the end that culpable negligence may not be encouraged."

See, also, *Latimer v. Jones*, 55 Iowa 503; *Jackman v. Herrick*, 178 Iowa 1374; *Lundean v. Hamilton*, 184 Iowa 907; 2 Pomeroy's Equity Jurisprudence (3d Ed.), Section 856.

It must be conceded that appellee had full opportunity to examine the deed and to know its contents; but he also had a right to rely, to some extent at least, upon the agreement as to what its terms should be. In this connection, attention is called to the assumption clause, which is inserted in typewriting immediately following the description, which is as follows:

"(This deed is made subject to mortgages aggregating fifty-four thousand, four hundred and thirty-five dollars ($54,-

435.00) on which one hundred and sixty-five dollars has been paid, together with all interest upon said mortgages to May first, 1921, said mortgages being hereby assumed in the aggregate by grantee, which together with the interest rates thereon are itemized below, to wit: * * *).''

It will be observed that, apparently, the deed is made subject to the mortgages. The word ''assumed'' in the latter clause might easily have been overlooked. After receiving the deed, appellee placed it in his safe, where it remained until two or three days before this action was commenced. The immediate reason for examining the deed at that time was the demand on appellee by the holder of one of the mortgages upon the Minnesota land for the payment of interest due thereon. That appellee and his attorney should have more carefully scrutinized the deed may be admitted, but we think that the record as a whole fails to make out estoppel. Appellant testified that he knew, at the time the deed to the city property was delivered to him, that it did not contain an assumption clause. He did not, however, notwithstanding his theory of the contract, call the attention of appellee to the omission, but explained his failure to do so by saying, in effect, that, ''if appellee did not want such a clause in the deed, I need not mention it.'' It may be that the ethics of business imposed no obligation upon him to do so, and that by remaining silent he violated no legal duty. Nevertheless, the course pursued is hardly in harmony with the teachings of the Sermon on the Mount, which may not improperly be remembered, in weighing equities. One who appeals to the scrutiny of the chancellor's conscience for the settlement of a controversy with his neighbor will best succeed if he shows the transaction on his part to have been without the taint of fraud or bad faith. The testimony of the witnesses on behalf of appellee is the more satisfying and convincing. The contract did not require appellee to assume the mortgages on the Minnesota property, but the contrary. Without reformation, a great wrong will result.

IV. The only other proposition of appellant requiring mention is his contention that all prior negotiations and agreements were merged in the deed, and that it became the contract as to

3. REFORMATION OF INSTRU-MENTS: de-fenses: merger of prior con-tract.

the Minnesota property. Reformation is not sought of the contract mutually entered into between the parties, but of the deed. We know of no rule of merger which will prevent reformation if the deed does not express the true intention and agreement of the parties, as previously formed and entered into.

Other matters argued are sufficiently disposed of by what is said above. We conclude that the decree reforming the deed does equity, and it is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.