JOHN LUTHY, APPELLEE, V. FARMERS MUTUAL HAIL INSURANCE ASSOCIATION OF IOWA, APPELLANT.

FILED SEPTEMBER 20, 1935. No. 29304.

*Loren H. Laughlin* and *Dort & Witte,* for appellant.

*Kenneth S. Wherry* and *J. A. McGuire, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

ROSE, J.

This is an action on insurance policy No. 43374 to recover from defendant, the insurer, the loss by fire of an automobile valued by plaintiff, the owner, at $500. Defendant received the premium of $17 and issued the policy. The automobile was insured for an amount not exceeding its actual cash value and was destroyed by fire June 5, 1933, when the policy was in force. In the county court

there was a judgment on a verdict in favor of plaintiff for $325. Defendant appealed to the district court where there was a judgment on a verdict in favor of plaintiff for $275. Defendant appealed to the supreme court.

Plaintiff alleged in his petition that he performed the insurance contract on his part, including the furnishing of due and affirmative proof of his loss and damage. The allegation as to such proof was denied by defendant in its answer and it is argued that the judgment of the district court should be reversed because the furnishing of such proof is without support in the evidence. This is the only point presented by defendant on the appeal to the supreme court.

Plaintiff promptly gave notice of the loss by using the form he found with the policy and sending the notice by mail to the home office of defendant at Des Moines. In reply he received a letter as follows:

"This will acknowledge receipt of report of fire loss under your policy No. 43374. We will have our adjuster call on you in the very near future. Kindly be patient with us and wait until he arrives."

This letter was written on a letter head of defendant, was dated June 9, 1933, four days after the fire, and bore what ·purports to be the signature of H. W. Byers, Chief Adjuster, Automobile Department. There is evidence to the effect that, about 10 days later, an adjuster named Mann, with the local agent of defendant, who had issued the policy, went to plaintiff's place where the ruins of the car could be seen. Plaintiff was asked on the witness-stand to relate a conversation between himself and Mann in reference to the loss of the car by fire and answered as follows:

"Mann told me he was an adjuster and he was down to take care of it, if he could, and he said the car, according to the values, that car was worth anywhere from thirty-five to fifty dollars."

Plaintiff testified further that in conversation with the adjuster the latter said he would take ·the report to the

office and would be back in 20 or 30 days; that he came back within 10 or 20 days and said there would be another man around in 30 or 40 days; that no other man came. In detailing further conversation with Mann plaintiff testified:

"He made me no price other than that ($35 to $50); and he asked me to make a price and I made him a price and he told me then, he says, 'I will take that in to the home office and report to the home office,' and I told him five hundred dollars. He says, 'Are you in earnest?' I says, 'Yes.' He says, 'Well, I will take this home and there will be another man here.' He says, 'I have got thirty— twenty-nine or thirty—days, something like that, to report in;' but nobody showed up."

There was a motion by defendant to strike out the foregoing answer on the ground, among others, that, if the same is offered for the purpose of tending to prove a waiver, the same has not been pleaded and is not within the issues. This motion was overruled.

It is shown by undisputed evidence that defendant had due notice of the fire and of the loss of the insured car while the policy was in force; that, after such notice, an adjuster for defendant appeared at the place of the fire and estimated the value of the car at $35 to $50; that he had plaintiff's estimate of $500 as such value; that the adjuster said he would report to the home office and that there would be another man there; that no other man came. Defendant, therefore, not only had prompt notice of the fire, but through its adjuster had the facts relating to proof of loss and damage, which the adjuster said he would report to the home office. There is no defense except the technical one that defendant did not furnish in writing the proofs of loss and damage—knowledge acquired by or chargeable to defendant. This defense, if sustained, would amount to a forfeiture of the insurance without an offer to return the premium. There was no fraud on the part of plaintiff in connection with the procuring of the insurance or in regard to the fire. Defend-

ant sent an adjuster who did not offer to pay a loss in any amount, but said another man would appear later. The other man never came.

Proof of the sending of an adjuster to adjust the loss, his appearance at the place of the fire and the other facts shown by uncontradicted evidence tend to prove a waiver of the furnishing of proofs of loss and damage. *Roumage v. Mechanics Fire Ins. Co.,* 1 Green (N. J. Law) 110; *Bon Aqua Improvement Co. v. Standard Fire Ins. Co.,* 34 W. Va. 764; *Welsh v. London Assurance Corporation,* 151 Pa. St. 607. Defendant understood at the trial that plaintiff had adduced evidence of the waiver of proofs of loss and damage and objected to such evidence as not within the issues, but the objections were overruled and the rulings of the trial court in that particular are not presented for review on appeal. Defendant, therefore, is bound by those rulings for the purposes of the appeal. In furtherance of justice by affirmance of a just judgment, and to prevent a forfeiture of the insurance without an offer to return the premium after a loss when the policy was in force, the supreme court, upon appeal, may consider the pleadings amended to conform to uncontradicted evidence of a waiver of proofs of loss and damage. In an opinion by Judge Sedgwick the supreme court ruled:

"A pleading may be amended before or after judgment, in furtherance of justice, 'when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.' Rev. St. 1913, sec. 7712. If the evidence, without objection, clearly proved a 'claim or defense,' the pleading will, upon appeal, be considered amended accordingly." *Allertz v. Hankins,* 102 Neb. 202. See, also, *Berwyn State Bank v. Swanson,* 111 Neb. 141.

While in the present case there were objections to the uncontradicted evidence of waiver, the objections were overruled and insurer is bound by such rulings, because it did not present them for review on appeal.

AFFIRMED.