KENNETH D. LIPPIRE ET AL., APPELLANTS, v. HENRY ECKEL ET AL., APPELLEES.

134 N. W. 2d 802

Filed April 16, 1965.   No. 35780.

Andrew J. McMullen, for appellants.

Kenneth H. Dryden, for appellees.

Heard before WHITE, C. J., CARTER, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and POLLOCK, District Judge.

POLLOCK, District Judge.

This is an action in ejectment to recover possession of an 11-foot strip of land in the city of Kearney. The defendants claim that because of a mutual mistake of the parties the south 10 feet of said strip of land was erroneously included in the description of land conveyed to plaintiffs by deed, and they seek reformation of the instrument to conform to the true intention of the parties.

The plaintiffs Kenneth D. Lippire and Leona C. Lippire, husband and wife, alleged in their amended petition that they had a legal estate in and were entitled to the possession of said strip of land, that the defendants had unlawfully withheld possession thereof since about June 15, 1957, and they prayed for delivery of possession.

The property was described as follows: "North Eleven (11) feet of Lot Eleven, Block Nine (9) and the North Eleven (11) feet of Lot Two (2), Block Nine (9) except East Sixty Nine (69) feet, together with all that part of 23rd Street which is now vacated and immediately abutting on the premises herein described, all in Kearney Land and Investment Company's second Addition to the City of Kearney, Buffalo County, Nebraska."

In their amended answer and cross-petition the defendants Henry Eckel and Verna Eckel alleged that they together with Opal Siebenaler and Ben Siebenaler owned a motel property; that they contracted on April 18, 1957, to sell it to the plaintiffs; and that they thereafter conveyed it to the plaintiffs by a deed. They alleged that all parties to the deed intended that it should convey

the motel property described as follows: "Lots 3 and 4, Block 4, and Lot 12 in Block 9, the north one foot of Lot 11 in Block 9, Lot 1 and 2 in Block 4 except the east 69 feet, Lot 1 in Block 9, except the east 69 feet, the north one foot of Lot 2 in Block 9 except the east 69 feet, together with all that part of 23rd Street which is now vacated abutting on the premises all in Kearney Land and Investment Company's Second Addition in the City of Kearney."

The defendants alleged that through mistake and inadvertence the deed erroneously described the land in Lots 2 and 11 of Block 9 as the north 11 feet thereof, rather than the north 1 foot, as intended. They alleged that they remained in possession of the 10-foot strip mistakenly conveyed to plaintiffs; and that it was a part of an abutting improved trailer court property then owned by defendants and the Siebenalers and now owned by the defendants.

The prayer of their cross-petition was that they be adjudged to have title to the south 10 feet of the land described in plaintiffs' petition, that title be quieted in defendants, that the deed thereof to plaintiffs be canceled, and for general equitable relief.

There was trial to the court, and judgment was entered ordering the defendants ejected from the north 1 foot of said Lots 2 and 11, and denying plaintiffs relief as to the 10-foot strip claimed by defendants. The plaintiffs appeal.

We give first consideration to a written motion of defendants for leave to amend their amended answer and cross-petition in two respects: (1) By alleging that it was a "mutual" mistake of the parties that resulted in an erroneous description of the premises conveyed by deed; and (2) by praying specifically for the reformation of the deed.

Section 25-852, R. R. S. 1943, provides that the court may, in furtherance of justice, amend any pleading to conform to the facts proved, when the amendment does

not change substantially the claim or defense. Such amendments may be made by this court on appeal. Zwink v. Ahlman, 177 Neb. 15, 128 N. W. 2d 121. This court may consider that pleadings are so amended. Luthy v. Farmers Mutual Hail Ins. Assn., 129 Neb. 579, 262 N. W. 490.

Likewise, this court is empowered to permit a pleading to be so amended, although such power is ordinarily only exercised to sustain and not to reverse a judgment, unless it appears that a miscarriage of justice would otherwise result. Barkalow Bros. Co. v. English, 159 Neb. 407, 67 N. W. 2d 336.

In their allegation of a mistake of the parties, defendants did not use the word "mutual," but they alleged facts constituting a mutual mistake.

We sustain the motion of defendants for leave to amend by alleging that the mistake asserted was a "mutual" mistake, and we will consider it so amended. Having reached the conclusions hereinafter announced, we deem it immaterial whether their prayer for general equitable relief is amplified by a specific prayer for reformation of the deed.

Plaintiffs assert that the trial court erred in two respects: (1) In reforming a deed when there was no mutual mistake of the parties; and (2) in reforming a deed when the issue of reformation was not raised by the pleadings.

There is little dispute in the evidence. Plaintiffs contracted to buy the motel for $45,000. The sale was effected by the Bacon Realty Company of Grand Island. The contract of sale was prepared in its office on a short printed form. The following was typed in the blank space provided for description of the property sold: "The Ideal Motel west of Kearney on #30 Hiway, boundry (sic) lines as pointed out by Mr. Eckel." Subsequently, in different typing, there was an "attachment" by stapler, with a description identical to the one later used in the deed. Mr. Lippire says it was attached

when he signed the contract. Others say it was not. The contract was dated April 18, 1957.

Ward W. Minor, Kearney attorney, testified that he was the scrivener who prepared the deed. He said that at the time he prepared it he had a copy of the contract of sale and there was no description attached thereto. He produced the copy, and it had no such attachment and no stapler holes. He testified, without dispute, that he got the description by trying to correct a description handed him by defendants' attorney, that he found errors in the description handed to him, and that at the suggestion of defendants' attorney he attempted to correct the errors. The deed was executed June 14, 1957.

The defendant Henry Eckel testified that about 2 weeks before plaintiffs contracted to buy the motel he pointed out the boundaries to Mr. Lippire, and at the south boundary, about which this controversy arises, he said: "Mr. Lippire, this is approximately the south line, within a foot of this row of trees." Ward W. Minor identified the deed by which the Siebenalers conveyed to defendants their interest in the trailer court.

Frank J. Green, Buffalo county surveyor, testified that he surveyed the premises for plaintiffs in the summer of 1963, and prepared a map of the area. This was prior to the commencement of this action on August 13, 1963. It was through his survey that the parties discovered the deed to plaintiffs described more land than they thought it did. Mr. Lippire says the Green survey was in 1962.

Green testified that the row of trees mentioned by the witnesses, and reflected in photographs received in evidence, was approximately on the north line of Lots 11 and 2. He said that the south line of the property described in the deed to plaintiffs ran approximately through the middle of a concrete block building used as a laundry for the trailer court, and that said line also

"touched" another trailer court building by a fraction of a foot.

Mr. Lippire testified that about April 1, 1957, a couple of weeks before he and his wife contracted to buy the motel, the boundaries were pointed out to him, either by Mr. Eckel or by Mrs. Bacon of the Bacon Realty Company. He said that he was told the south line would run south of the trees, "somewhere south of those trees."

There was no evidence that anyone ever said that the south boundary line was more than 1 foot from the row of trees, nor that either of the plaintiffs had any reason to believe that they were buying any land more than 1 foot south of the trees. Plaintiffs did not think they were buying any part of the trailer court buildings. The trailer court laundry building was very close to the lot line. In fact, the concrete walk around the building was partially on the north side of the lot line.

The defendants occupied the mistakenly conveyed land for 6 years. Meanwhile the plaintiffs asserted no title to or right to possession of it. The misdescription contained in the deed was not discovered until Mr. Green made his survey.

We think that proof of a mutual mistake of the parties was clear, satisfactory, and convincing. In Betz v. Swanson, 200 Iowa 824, 205 N. W. 507, it is said: "If the clause was inserted in the deed by mistake on the part of the appellant or of the scrivener who drew it, then the mistake was mutual, because it was contrary to the real intention and agreement of the parties."

In Austin v. Brown, 75 Neb. 345, 106 N. W. 30, a deed erroneously described the south boundary line 6 rods north of the point actually designated and agreed upon by the parties, and no dispute arose until after a survey. Equity granted relief correcting the deed to conform to the intention of the parties.

In Burke v. Welch, 92 Neb. 773, 139 N. W. 684, it appears that a tree had been planted on a property line, and the boundaries were pointed out to an intending

purchaser who afterwards received a deed erroneously describing the property as 8 feet wider than the tract intended to be conveyed. The purchaser took possession and exercised ownership only as far as the intended boundary, and made no claim to the 8-foot strip for several years thereafter, the grantor retaining possession and control over it. The court held there was a mutual mistake of the parties, and granted reformation to conform to the true intention of the parties.

Where a mistake of the parties relates to the identity of the property itself, reformation may not be had. However, where there is no mistake as to the identity of the land intended to be conveyed, but there is a mistake in the description of it, equity may reform the instrument to conform to the true intention of the parties. Lane v. Neifert, 240 Mich. 475, 215 N. W. 302; 76 C. J. S., Reformation of Instruments, § 26b(2), p. 355; 45 Am. Jur., Reformation of Instruments, § 38, p. 604.

We conclude in the instant case that the defendants are entitled to reformation of the deed to conform to the very obvious intention of the parties.

Plaintiffs contend that the defendants are not entitled to reformation because they were negligent in not reading and ascertaining the effect of what they were signing. The rule that carelessness or negligence of a person in signing an instrument estops him from asserting that it does not truly express the agreement of the parties does not apply where relief is sought on the ground the instrument was obtained by fraud, or entered into by mutual mistake of the parties. Story v. Gammell, 68 Neb. 709, 94 N. W. 982.

In Restatement, Contracts, § 508, p. 977, it is stated: "The negligent failure of a party to know or to discover the facts, as to which both parties are under a mistake does not preclude rescission or reformation on account thereof."

In Neary v. General American Life Ins. Co., 140 Neb. 756, 1 N. W. 2d 908, it appeared that the insured ob-

tained a 20-payment life insurance policy in the face amount of $2,000 which was to have a loan and cash value of $1,000 at the end of 20 years, and a paid-up insurance value of $1,452 at that time. By mistake of an employee of the insurer in drafting the policy, a blank space was filled so that it recited that the cash value at the end of 20 years would be $2,000 rather than $1,000 as it should have provided. The court held that the negligence of the insurer did not bar reformation after the lapse of 20 years, and the policy was reformed.

If there was any carelessness or negligence in failing to read and ascertain the full import of the deed, the grantors and grantees were equally at fault. Neither is in a position to take any advantage of the other.

It is understandable that lay persons could read such a legal description of realty and not know whether the property was accurately described. Their failure to ascertain that the property was incorrectly described is not a bar to reformation where the ground for relief is mutual mistake of the parties.

Lastly, plaintiffs assert that reformation may not be granted when the defendants have not raised the issue by the pleadings. The defendants pleaded all facts essential to reformation for a mutual mistake. Whether they alleged the conclusion that they are entitled to such relief is unimportant because the nature and character of an action is primarily determined by the allegations of fact, and is not controlled by the conclusions of the pleader. It is stated in United Services Automobile Assn. v. Hills, 172 Neb. 128, 109 N. W. 2d 174: "It is the facts well pleaded that determine the nature of the action and the relief to be granted."

Plaintiffs cannot complain because defendants did not specifically pray for reformation. They prayed for various forms of relief, including "such other and further relief as may be just and equitable." A prayer for general relief in an equity action is sufficient to authorize any judgment to which the party is entitled under

the pleadings and the evidence. Standard Reliance Ins. Co. v. Schoenthal, 171 Neb. 490, 106 N. W. 2d 704.

We conclude that reformation should be granted for mutual mistake of the parties, so that each will have what in equity and good conscience he should have. The judgment of the trial court is affirmed.

AFFIRMED.

YEAGER, J., not participating.